Zachariah Larson, Bar No. 7787
Michael J. Walsh, Bar No. 10265
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: 702.382.1170
Facsimile: 702.382.1169
Email: ZLarson@lslawnv.com

Douglas R. Pahl
Oregon Bar No. 950476
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087
Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Proposed Counsel for The Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DON GROVER WHITE,<br><br>Debtor. | Case No.: BK-S-**10-19402**-lbr<br>Chapter 11<br><br>Date: December 8, 2010<br>Time: 2:00 p.m.<br>Courtroom 1 |

## COMMITTEE OF UNSECURED CREDITORS' MOTION FOR APPOINTMENT OF EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)

The Official Committee of Unsecured Creditors ("Committee") moves for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Motion") to conduct an appropriate investigation of prepetition and post petition affairs and issue a report that will assist the

Committee in assessing Debtor's pre and post petition business dealings and transfers as well as Debtor's Plan and Disclosure Statement for Debtor's Plan of Reorganization (Dated July 30, 2010) (Doc. No. 71). ("Disclosure Statement").

### Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §'157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### Procedural Background

2. On May 21, 2010 (the "Petition Date"), Don Grover White, an individual (the "Debtor"), filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Nevada (the "Court").

3. On June 4, 2010, the Debtor filed Schedules and a Statement of Financial Affairs. In Schedule F, the Debtor lists creditors holding unsecured claims in the amount of $80,359.925.00. Schedule B lists 20 partnerships or joint ventures in which the Debtor has an ownership interest and Schedule H lists 24 codebtors. In Schedule I, the Debtor indicates his only monthly non-spousal income is $3,500 per month resulting from real estate.

4. On July 30, 2010, the Debtor filed the Disclosure Statement as well as the proposed Plan of Reorganization (Dated July 30, 2010) (the "Plan").

5. The Committee was appointed on August 13, 2010, and organized and selected counsel on September 7, 2010.

6. No trustee has been appointed in the case.

7. The Court has set November 8, 2010 as the date for the hearing on the Disclosure Statement.

8. The Committee filed objections to the Disclosure Statement on September 27, 2010. In its objection, the Committee referenced the need for the appointment of an examiner to permit the Committee to understand and provide recommendations in relation to the Debtor's Plan.

### Argument

**A.  The Appointment of an Examiner is Mandatory in This Case**

9.  Section 1104(c) of the Bankruptcy Code provides:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court <u>shall</u> order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if–
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c) (emphasis added).

10.  Section 1104(c) thus mandates the appointment of an examiner upon the satisfaction of four factors: First, the debtor must still be in possession of the estate and a trustee must not have been appointed. Second, a plan must not have been confirmed. Third, a party in interest or the United States Trustee must request the appointment. Lastly, one of the conditions set forth in section 1104(c)(1) or (c)(2) must be satisfied – either the appointment of the examiner is in the best interests of the creditors <u>or</u> the specified unsecured debts exceed $5 million. *See, e.g., In re UAL Corp.*, 307 B.R. 80, 84 (Bankr. N.D. Ill. 2004) ("[A]ppointment of an examiner is mandatory if the four conditions are met, but the court retains the discretion to determine the nature and scope of the examiner's investigation.").

11.  The elements required for appointment of an examiner are present in this case. No trustee has been appointed.[1] Although the Plan has been proposed, no plan has been

---

[1] The statute provides that an examiner cannot be appointed if a trustee has been appointed. However, this limitation was not intended to require the denial of a motion to appoint a trustee as a precondition to the appointment of an examiner. *See Keene Corp. v. Coleman (In re Keene Corp.)*, 164 B.R. 844, 855 (Bankr. S.D.N.Y. 1994) ("motion to appoint an examiner stands on its own, and need not be part of an unsuccessful motion to appoint the trustee"). *Cf. In re Public Serv. Co. of N.H.*, 99 B.R. 177, 182 (Bankr. D.N.H. 1989) (court has authority to appoint examiner *sua sponte*); *In re UNR Indus., Inc.*, 789, 795 (Bankr. N.D. Ill. 1987) (same).

1  confirmed. The Committee is a party in interest in connection with its request under the Motion. Unsecured claims scheduled by the Debtor exceed $80 million, although the Debtor lists the vast majority of individual claims as contingent, unliquidated and disputed. It will be difficult for the Debtor to dispute that the fixed and liquidated value of the unsecured claims against the Debtor, other than debts for goods, services or taxes, or owing to an insider, fall below $5 million.

12.     Even if the $5 million threshold is not met (although the Committee believes it is), appointment of an examiner is in the best interests of the creditors. A number of factors call out for the addition of a neutral, court-appointed examiner to provide a balanced assessment of a number of aspects of the Debtor's operations, activities, transfers and valuations. The Debtor has been responsive and has provided to the Committee a large number of background documents. However, because of the lack of financial expertise among Committee members, the Debtor's submissions serve to highlight the complexity of the Debtor's business arrangements and interests, as well as the numerous prepetition transfers that have left the Debtor with very few assets and quizzical personal living and financial arrangements.

13.     Where the circumstances set forth in section 1104(c)(2) are present, the plain language of the statute requires the appointment of an examiner. *See In re Revco D.S., Inc.*, 898 F.2d 498, 500-01 (6th Cir. 1990); *In re Vision Dev. Group of Broward County, LLC*, 2008 WL 2676827, at *3 (Bankr. S.D. Fla. June 30, 2008) (appointment mandatory where lender's claim exceeded $5 million); *In re Loral Space & Comm., Ltd.*, No. 04 Civ. 8645RPP, 2004 WL 2979785, at *5 (S.D.N.Y. Dec. 23, 2004) (appointment mandatory when debt threshold met); *In re Big Rivers Elec. Corp.*, 213 B.R. 962, 965-66 (Bankr. W.D. Ky. 1997) (same). Accordingly, under the plain meaning of section 1104(c)(2), the appointment of an examiner is mandatory in this case.

14.     While some courts have concluded that the appointment of an examiner can be discretionary in certain circumstances, those circumstances are not present here. *See, e.g., In re Rutenberg*, 158 B.R. 230, 233 (Bankr. M.D. Fla. 1993) (appointment denied where individual debtor no longer engaged in business); *In re GHR Cos.*, 43 B.R. 165, 176 (Bankr. D. Mass. 1984) (appointment denied where in favor of appointment of trustee); *In re Shelter Res. Corp.*, 35 B.R.

304, 305 (Bankr. N.D. Ohio 1983) (appointment denied where settlement to be investigated has already been approved); *In re Bradlee Stores, Inc.*, 209 B.R. 36, 38 (Bankr. S.D.N.Y. 1997) (appointment denied where statute of limitations for claim to be investigated expired in matter of weeks).

15. The Committee anticipates the Debtor will express concerns about cost and scope. The Committee is prepared to discuss those concerns with the Debtor and the Court and work constructively to develop a realistic and practical scope of work for an appropriately priced receiver for the realities of this case.

**B.    The Appointment of an Examiner Is Also Justified Under Section 1104(c)(1)**

16. While the appointment of an examiner in this case is mandated by the provisions of section 1104(c)(2), grounds for such appointment also exist under section 1104(c)(1). To determine whether appointment of an examiner under section 1104(c)(1) is appropriate, courts must determine "whether the creditors and equity security holders would be served by the appointment of an examiner and whether the costs of an examiner are not disproportionately high." *See, e.g., In re Gilman Servs., Inc.*, 46 B.R. 322, 327 (Bankr. D. Mass. 1985) (asset transfers as one basis for appointment).

17. Under the facts and circumstances of this case, the appointment of an examiner is justified under section 1104(c)(1) because investigation into the issues enumerated above would serve the interest of creditors, particularly as the Committee and its constituents are being asked make assessments about the merits of the Debtor's Plan. The Debtor's creditors are entitled to understand and investigate the facts surrounding the treatment proposed under the Plan and the location, value and potential recovery of the Debtor's assets.

### Notice

18. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Nevada; (ii) counsel for the Debtor; (iii) all creditors listed on the Debtor's matrix; and (iv) to any parties that requested notice. The Committee submits that no other or further notice is required under the circumstances.

19. No prior motion for the relief requested herein has been made to this or any other

court.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, appointing an examiner in this case, granting the relief requested herein, and granting the such other and further relief as is just and proper.

DATED: November, 5 2010.

LARSON & STEPHENS

By:/s/ Zachariah Larson, Esq.
Zachariah Larson, Esq., Bar No. 7787
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

and

Douglas R. Pahl
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087
Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Richard M. Lorenzen
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
Email: RLorenzen@perkinscoie.com

Proposed Counsel for The Official Committee of Unsecured Creditor