Zachariah Larson, NV Bar No. 7787
Michael J. Walsh, NV Bar No. 10265
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: 702.382.1170
Facsimile: 702.382.1169
Email: ZLarson@lslawnv.com

Richard M. Lorenzen
Arizona Bar No. 006787
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
Email: RLorenzen@perkinscoie.com

Douglas R. Pahl
Oregon Bar No. 950476
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087
Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Proposed Counsel for Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DON GROVER WHITE,<br><br>Debtor. | Case No.: BK-S-**10-19402**-lbr<br><br>Chapter 11<br><br>Date: December 8, 2010<br><br>Time: 2:00 p.m.<br><br>Courtroom 1 |

**APPLICATION FOR ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY PERKINS COIE LLP AS COUNSEL, *NUNC PRO TUNC***

The Official Committee of Unsecured Creditors ("Committee") appointed in the above-captioned bankruptcy case, by and through its Chairperson, hereby submits this application (the "Application"), pursuant to section 1103 of title 11 of the United States Code ("Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of an order authorizing the retention and employment of the law firm of Perkins Coie LLP and Perkins Coie Brown & Bain ("Perkins Coie") as lead counsel to the Committee, *nunc pro tunc* to September 7, 2010. In support hereof, the Committee respectfully represents as follows:

**Background**

1. On May 21, 2010, the above-captioned debtor ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Court").

2. No trustee or examiner has been appointed in these cases. The Debtor continues to manage its assets in the ordinary course as debtor and debtor in possession under section 1107 and 1108 of the Bankruptcy Code.

3. On August 13, 2010, the Office of the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code. (Doc 78).

4. The Committee is composed of the following entities:

| Member | Primary Representative |
|---|---|
| Weyerhaeuser Realty Service | Julie MacHale |
| Republic Credit One, Inc. | Hoyt Henson |
| Iota White, LLC | Eleissa C. Lavelle, its counsel |

**Jurisdiction and Venue**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

### Relief Requested

7. By this Application, the Committee seeks authority, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ Perkins Coie as its counsel, effective as of September 7, 2010.

### Basis for Relief

8. The Committee selects Perkins Coie because of its extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law, and is particularly well qualified for the type of representation which is required by the Committee. Perkins Coie is a law firm with a broad based practice including substantial expertise in the many areas of the law that may generate issues in this case. Accordingly, Perkins Coie possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

9. The Committee contemplates that Perkins Coie will provide the full range of services required to represent the Committee in the course of this case, including:

    a. advising the Committee on all legal issues as they arise;

    b. representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtor and other parties;

    c. investigating the Debtor's assets and pre-bankruptcy conduct;

    d. preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

    e. representing and advising the Committee and the interests of the unsecured creditors in all proceedings before this Court in this case;

    f. assisting and advising the Committee in its administration; and

    g. providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

10. The Committee requests that all legal fees and related costs incurred by the Committee on account of services rendered by Perkins Coie in these cases be paid as administrative expenses of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in this case. Subject to the Court's approval, Perkins Coie will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. Perkins Coie's billing rates for attorneys for the 2010 calendar year range from approximately $225 per hour for new associates to $640 per hour for senior partners. However, it is not anticipated that any professionals having day-to-day responsibility for this matter will charge over the rate of $550 per hour for the 2010 calendar year. Time devoted by paralegals for the 2010 calendar year is charged at billing rates ranging from approximately $155 to $220 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[1] Perkins Coie will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. Perkins Coie intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), but, pending such applications, Perkins Coie requests payment of its fees and expenses in accordance with any interim compensation procedures order approved by the Court.

11. The names, positions, and hourly rates for the 2010 calendar year of the Perkins Coie professionals presently expected to be responsible for providing services to the Committee are Richard M. Lorenzen, Partner ($550/hour); Douglas R. Pahl, Partner ($430/hour); and Ann Sandvig, Paralegal ($220/hour). In addition, from time to time, it will be necessary for other Perkins Coie professionals to provide services to the Committee. Perkins Coie will make every reasonable effort to have the Committee's legal work performed by the lowest costing professional with the necessary experience.

---

[1] The rates charged by each Perkins Coie professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

12. The Committee is requesting that this Application be approved retroactively to September 7, 2010 – the date the U.S. Trustee appointed the Committee. Retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion. *In re Atkins*, 69 F.3d 970, 975-78 (9th Cir. 1995). In determining whether the particular circumstances of a case adequately excuse the failure to have sought prior approval, the court will consider factors such as whether the applicant was under time pressure to begin service without approval. *Id.* at 978. Here, the Committee's attorneys needed to immediately familiarize themselves with this chapter 11 case to address pending matters, including the Debtor's proposed disclosure statement and plan of reorganization scheduled to be heard by this Court on October 1, 2010. This Application is being submitted as expeditiously as possible after the appointment of the Committee and review of the conflicts issues involved, including Perkins Coie's motion to withdraw.

13. To the best of the Committee's knowledge, Perkins Coie does not have any connection with the Debtor, its creditors, or other parties in interest or their respective attorneys, except as set forth in the Declaration of Douglas R. Pahl in Accordance with Section 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (which is being filed contemporaneously herewith), and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

**WHEREFORE**, the Committee respectfully requests that the Court authorize the Committee, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ Perkins Coie in accordance with the terms hereof, *nunc pro tunc*, effective as of September 7, 2010.

DATED October 25, 2010

Julie MacHale, Chair
Official Committee of Unsecured Creditors