Zachariah Larson, NV Bar No. 7787
Michael J. Walsh, NV Bar No. 10265
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: 702.382.1170
Facsimile: 702.382.1169
Email: ZLarson@lslawnv.com

Richard M. Lorenzen
Arizona Bar No. 006787
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile:  602.648.7000
Email: RLorenzen@perkinscoie.com

Douglas R. Pahl
Oregon Bar No. 950476
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087
Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Proposed Counsel for The Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: BK-S-**10-19402**-lbr |
| | Chapter 11 |
| DON GROVER WHITE, | Date: December 8, 2010 |
| Debtor. | Time: 2:00 p.m. |

74661-0001/LEGAL19115882.1

**DECLARATION OF DOUGLAS R. PAHL IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY PERKINS COIE LLP AS COUNSEL, *NUNC PRO TUNC***

I, Douglas R. Pahl, an attorney, hereby declare as follows:

1.    I am an attorney in the law firm of Perkins Coie LLP ("Perkins Coie" or the "Firm"), located at 1120 N.W. Couch Street, 10th Floor, Portland, Oregon 97209. I am admitted to practice in, and am a member in good standing of, the bar of the State of Oregon.

2.    I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge or upon client/matter records of Perkins Coie reviewed by me or by an employee of Perkins Coie acting under my supervision and direction.

3.    I submit this declaration in support of the Application for Order Authorizing Official Committee of Unsecured Creditors to Retain and Employ Perkins Coie LLP as Counsel, *Nunc Pro Tunc* (the "Application"), filed concurrently herewith, which Application is made in accordance with section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.    The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case desires to retain and employ Perkins Coie as its counsel, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014. Perkins Coie has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law, and I believe that Perkins Coie is particularly well qualified for the type of representation which is required by the Committee. Perkins Coie is a law firm with an extremely broad-based practice including substantial expertise in the many areas of the law that may generate issues in this case. Accordingly, Perkins Coie possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

5.    Perkins Coie contemplates that it will provide a full range of services required to represent the Committee in the course of this case, which may include:

   a.    advising the Committee on all legal issues as they arise;

74661-0001/LEGAL19115882.1                                    -2-

1    b.    representing and advising the Committee regarding the terms of any sales of assets
2    or plans of reorganization or liquidation, and assisting the Committee in negotiations with the
3    Debtor and other parties;

4    c.    investigating the Debtor's assets and pre-bankruptcy conduct;

5    d.    preparing, on behalf of the Committee, all necessary pleadings, reports, and other
6    papers;

7    e.    representing and advising the Committee and the interests of the unsecured
8    creditors in all proceedings before this Court in this case;

9    f.    assisting and advising the Committee in its administration; and

10    g.    providing such other services as are customarily provided by counsel to a creditors'
11    committee in cases of this kind.

12    6.    Subject to the Court's approval, Perkins Coie will charge for its legal services on
13    an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect
14    on the date that such services are rendered. Perkins Coie's billing rates for attorneys for the 2010
15    calendar year range from approximately $225 per hour for new associates to $640 per hour for
16    senior partners. However, it is not anticipated that any professionals having day-to-day
17    responsibility for this matter will not charge over the rate of $550 per hour for the 2010 calendar
18    year.  Time devoted by paralegals for the 2010 calendar year is charged at billing rates ranging
19    from approximately $155 to $220 per hour. These hourly rates are subject to periodic adjustments
20    to reflect economic and other conditions.[1]  Perkins Coie will maintain detailed records of any
21    actual and necessary costs incurred in connection with the aforementioned legal services. Perkins
22    Coie intends to apply to the Court for compensation and reimbursement of expenses in
23    accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the
24    Local Rules of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"),
25    but, pending such applications, Perkins Coie requests payment of its fees and expenses in
26    accordance with any interim compensation procedures order approved by the Court.

27

28    [1] The rates charged by each Perkins Coie professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

1      7.     The names, positions, and hourly rates for the 2010 calendar year of the Perkins

2  Coie professionals presently expected to be responsible for providing services to the Committee

3  are Richard M. Lorenzen, Partner ($550/hour); Douglas R. Pahl, Partner ($430/hour); and Ann

4  Sandvig, Paralegal ($220/hour). Most of the practices of Mr. Lorenzen and me at Perkins Coie

5  have been related to bankruptcies and financial workouts. We have represented numerous

6  creditors committee. A copy of the engagement letter with the Committee dated September 30,

7  2010 is attached hereto as Exhibit A.

8      8.     In addition, from time to time, it will be necessary for other Perkins Coie

9  professionals to provide services to the Committee. Perkins Coie will make every reasonable

10  effort to have the Committee's legal work performed by the lowest costing professional with the

11  necessary experience.

12      9.     Neither Perkins Coie nor I, insofar as I have been able to ascertain, and other than

13  disclosed below: (a) hold or represent any interest adverse to the Debtor, its estate; or any class of

14  its creditors; or (b) represent any other entity in connection with this case having an interest

15  adverse to the Committee. Further, insofar as I have been able to ascertain, other than in

16  connection with this case, Perkins Coie has no connection (connection being defined as a

17  biological or contractual relationship) with the Debtor, its creditors, or any other party in interest

18  herein, or their respective attorneys or accountants (where known), or any person employed in the

19  Office of the United States Trustee, except as set forth below. Accordingly, I believe Perkins

20  Coie is a "disinterested person," as defined in 11 U.S.C. § 101(14) of the Bankruptcy Code,

21  except:

22      a.     Perkins appeared in this case on behalf of MW Housing Partners I, LLC and WRI

23             Communities Fund I, LLC, two of the 20 largest creditors in this case. The

24             Manager of these two companies, Weyerhaeuser Realty Investors ("WRI") is a

25             member of the Committee. Perkins Coie has withdrawn as counsel for WRI in this

26             case to represent the Committee. I believe that Perkins Coie's former

27             representation of WRI in this case is an asset to the work of the Committee.

28             Perkins Coie has an ongoing relationship with WRI in other, unrelated matters.

1       b.    According to section 327(e) of the Bankruptcy Code, the trustee, with the court's

2              approval, may employ, for a specified special purpose, other than to represent the

3              trustee in conducting the case, an attorney that has represented the debtor, if in the

4              best interest of the estate, and if such attorney does not represent or hold any

5              interest adverse to the debtor or to the estate with respect to the matter on which

6              such attorney is to be employed.

7       c.    The Lobel Firm, LLP is general bankruptcy counsel for the Debtor.  James E. Till,

8              an attorney with The Lobel Firm is a former employee of Perkins Coie who left the

9              Firm in April of 2004.

10      d.    Debtor has about 150 creditors.  Perkins Coie has represented and currently

11            represents some of these creditors in matters unrelated to the representation of the

12            Committee in this case.  Attached as Exhibit B is a list of (1) creditors that are

13            current clients of Perkins Coie in unrelated matters or have names similar to

14            entities that Perkins Coie currently represents, (2) creditors that are former clients

15            of Perkins Coie in the last two years in unrelated matters, (3) creditors that Perkins

16            Coie is adverse to or potentially adverse to in unrelated matters, and (4) creditors

17            that Perkins Coie was adverse to or potentially adverse to with in the last two

18            years, these are closed matters.

19      e.    We do not believe our adversity to the clients listed in Exhibit B on unrelated

20            matters presents a conflict with respect to Perkins Coie's representation of the

21            Committee, but will continue to review this matter should any of these creditors

22            become adverse with the Committee on specific matters.

23      f.    With respect to current or former clients listed on Exhibit B, should the Committee

24            take a position adverse to any of the parties listed, Perkins Coie will advise the

25            Committee to seek other counsel to address those matters

26    11.    As a result, upon reasonable inquiry and to the best of my knowledge, I have

27  determined that Perkins Coie, within the scope of its representation, does not currently represent

28  any of the above entities, or interests adverse to any of the above entities in matters related to the

1  Debtor's chapter 11 case.

2      12.    Perkins Coie is conducting a continuing inquiry to ascertain whether there exists

3  any situation which would affect Perkins Coie's status as a "disinterested person" or its ability to

4  represent the Committee under section 1103 of the Bankruptcy Code. If additional disclosure is

5  required, I will promptly file a supplemental declaration with this Court.

6      13.    Perkins Coie has not entered into any agreement to share compensation as may be

7  awarded to it for services rendered in this case, except as permitted under section 504(b) of the

8  Bankruptcy Code.

9      14.    For the reasons set forth above, I believe that I and the other attorneys employed

10  by Perkins Coie are well qualified to act as counsel for the Committee.

11      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

12  and correct.

13      DATED November 5, 2010

14      Respectfully Submitted,

15

16                               **PERKINS COIE LLP**

17                         By: */s/ Douglas R. Pahl  (OR Bar #950476)*

18                          Douglas R. Pahl
                           1120 N.W. Couch St., 10th Fl.

19                             Portland, Oregon 97209

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# EXHIBIT "A"



1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
PHONE: 503.727.2000
FAX: 503.727.2222
www.perkinscoie.com

Douglas R. Pahl
PHONE: (503) 727-2087
FAX:   (503) 346-2087
EMAIL: DPahl@perkinscoie.com

September 30, 2010

**VIA E-MAIL**

Official Committee of Unsecured Creditors
For Don Grover White
c/o Julie MacHale, Chair
Weyerhaeuser Realty Investors
8105 Irvine Center Drive, Suite 420
Irvine, CA 92618

Re:    Legal Representation of Unsecured Creditors' Committee

Dear Ms. MacHale:

Thank you for selecting Perkins Coie LLP to represent the Official Committee of Unsecured
Creditors (the "Committee"), in connection with matters relating to the chapter 11 bankruptcy
case of Don Grover White in the United States Bankruptcy Court for the District of Nevada,
Case No. 10-19402 ("Bankruptcy Case"). We understand that our primary contact will be with
the Chair of the Committee but that we will also regularly make presentations to and
communicate directly with members of the Committee. We will act at your direction as Chair of
the Committee unless otherwise instructed by a majority of the Committee. We have
communicated with Zachary Larson of the Larson & Stephens firm in Las Vegas, Nevada
regarding retention of their firm as local reorganization counsel to the Committee. Mr. Larson
has agreed to assist the Committee with local requirements in this Bankruptcy Case, and will
submit an engagement letter directly to you.

Fees and Expenses

The principal factors in determining our fees will be the time and effort devoted to the matter and
the hourly rates of the lawyers and paralegals involved. I will have primary oversight for Perkins
Coie's representation of the Committee, but we assign other firm lawyers and paralegals when
necessary, beneficial or cost-effective and when desirable to meet the time constraints of the
matter. My current hourly rate for this initial matter is $430.00 and Richard Lorenzen's hourly

31723-0074/LEGAL19206543.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES · MADISON
MENLO PARK · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

Exhibit A
Page 1 of 11

Unsecured Creditors' Committee
9/30/10
Page 2

rate is $550.00. Our hourly rates range from $650.00 per hour for our most experienced partners to $225.00 for our most junior associates, depending on their experience levels. These rates are adjusted at least annually, usually on January 1. Services performed after the effective date of the new rates will be charged at the new applicable rates. We try to issue invoices for our fees and disbursements on a monthly basis. These invoices include detail that most of our clients find sufficient, but please let me know at any time if more detailed information is needed on our invoices. Please also refer to the enclosed Information for Clients for specifics regarding fees, disbursements, billing, payment, and termination of our representation should payment not be made or other circumstances warrant.

Our bills will be sent directly to you as Chair of the Committee. The Debtor will be responsible for payment of our fees and expenses and this bill is for information purposes only. Neither the individual members of the Committee, nor the Committee itself, are responsible for our bills. As discussed below, payment of our fees and expenses is subject to approval by the Bankruptcy Court after notice and an opportunity for hearing.

As I am sure you understand, the proceedings in which you ask us to represent the Committee are unpredictable and involve the risk of adverse results. We cannot guarantee the outcome of any proceeding. During the course of our representation, we may express opinions or beliefs reflecting our professional judgment concerning various courses of action or results that might be anticipated. Any such statement made by any of our lawyers, paralegals or other employees is intended to be an expression of opinion only, based on the information available to us at the time, and should not be construed by you as a promise or guarantee. Because a substantial number of variables can drive the cost of the Committee's legal representation, it is impossible to estimate with any certainty what the total charges may come to for any proceeding we undertake on its behalf however we will provide budgets at your request reflecting estimates of cost. The Debtor's obligation to pay our fees and costs is not contingent on the outcome of the matter.

### Cooperation

To enable us to represent the interests of the Committee effectively, we will need full cooperation from each member of the Committee. We expect that each member will fully and accurately disclose to us all facts and documents (to the extent possible given the circumstances) that may be relevant or that we may otherwise request. In addition, we expect that the members of the Committee will also make themselves reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings.

31723-0074/LEGAL19206543.1

Unsecured Creditors' Committee
9/30/10
Page 3

Conflict Issues

As lawyers, we are of course regulated by ethical rules, including rules governing conflicts of interest, in the jurisdictions in which we practice. Based on a review of our records, the representation of the Committee on this matter does not create a conflict of interest for Perkins Coie (the "Firm"). Names we checked included:

- Committee Members: Weyerhaeuser Realty Investors (aka MW Housing Partners III, L.P., MW Housing Partners I, LLC and WRI Communities Fund I, LLC) ("WRI"), Republic Credit One, LP and Iota White, LLC

- Debtor: Don Grover White aka Don G. White

- Co-Debtors from Debtor's Schedule H (dated 6/4/10): Alside Div of Associated Materials Inc, American Contractors Indemnity Co, Arizona Pacific Housing Corporation, Arizona Pacific Housing Corporation, Associated Materials LLC (dba Alside), Aviara LLC, CAMS Construction Corporation, Centennial LLC, Copper Station Residential, LLC, Dupont Landing LLC, Dynamic Plumbing Systems Inc, Familia Blanca, LP, Farmington Ranch, LLC, Grand Teton Residential, LLC, Guy Evans Contractor Serv, Hoffman Hills Residential, LLC, K&D Construction, Ladera Residential, LLC, Lindsey White, M&M Electric Inc, M.S. Concrete Co Inc, Marysville Residential, LLC, Meridian Residential, LLC, Mesa Residential, LLC, Mill Creek Residential, LLC, Nevada Pacific Housing, Inc., Nevada Pacific Housing, Inc, Northwest Investment Partners LLC, Northwest Residential Partners LLC, NWC Sahara & Orchard LLC, Pageantry Communities Inc, Pageantry Communities of Washington Inc, Pageantry Development Corporation, Pageantry Development of Washington Inc, Pageantry Homes of Arizona Inc, Pageantry Homes of Nevada, Inc., Pageantry Homes of Washington Inc, Pageantry Residential LLC, Professional Warranty Corporation, Radcliff Serene, LLC, Rancho Park Residential, LLC, Sacramento Insulation Contractors (dba Gale Building Products), Saddle Ridge Residential, LLC, Summerwalk Residential, LLC, Summerwalk Residential, LLC, Tamaron Ranch, LLC, The Original Roofing Company, Villages at Wine Ridge, LLC, Washington Pacific Housing CORP, Western Residential Housing, LLC

- Debtor's Interests Listed in Schedule B (dated 6/4/10) as follows:

  o Stocks and Interests B.13:- Adaven Construction Corporation, Arizona Pacific Housing Corp.(fka Pageantry Communities of Arizona, Inc.), Brigantine Management Corp., CAMS Construction Corp., CAMS Construction Corp. of Washington, Nevada Pacific Housing Corp.(fka Pageantry Communities, Inc.), Pageantry Development Corp., Pageantry Development of Washington,

Unsecured Creditors' Committee
9/30/10
Page 4

Inc., Pageantry Homes of Arizona, Inc. (fka CAM Construction Corporation of Arizona, Inc.), Pageantry Homes of Nevada, Inc. (fka Premier Construction Corp.), Pageantry Homes of Washington, Inc. (fka Premier Construction Corporation of Washington), Pageantry Realty of Arizona, Inc., Pageantry Realty Incorporated, Pageantry Realty of Washington, Inc., Washington Pacific Housing Corp.(fka Pageantry Communities of Washington)

o   Partnerships and Joint Ventures - B.14: BAW Ventures LLC, Century Suites LL, Pageantry Financial, LLC, Pageantry Holdings, LLC, Whiteco General, LLC

o   Debtor's Accounts Receivable - B.16: Bryan M. White Irrevocable 2008 Trust, Nathan C. White Irrevocable 2008 Trust, Lindsey A. White Irrevocable 2008 Trust, Bryan M. White Irrevocable 2008 Trust, David S. White Irrevocable 2008 Trust

o   Equitable or Future Interests in Life Estates - B.19: The Don White Nevada Trust, Elania Blake Trust, Don G. White 1996 Trust

•   20 Largest Creditors:  Committee Members and Aspen Financial Services, Housing Capital Company (HOF Financial I, LLC), Franklin Bank (in receivership with FDIC), AmTrust Bank (in receivership with FDIC), Bank of the West, Tier One Bank, Investors Mortgage Corporation, Wells Fargo Bank, Fortis Commercial Advisors, Gulf Coast Bank & Trust Company, Washington Federal Savings, Woodworth & Company, Capitol Indemnity Corp., Concord Services Corp., American Commercial Credit Services

•   Creditors Holding Secured Claims (from Debtor's Schedule D (dated 6/4/10):  Clark County Treasurer, Faye and Associates, Kingfutts PFM LLC Series LV Properties, Thomas R. Robertson

As you know, the Firm represented WRI in this Bankruptcy Case.  The Firm has withdrawn from representation of WRI and is in the process of appearing in the Bankruptcy Case on behalf of the Committee.  The Firm also represents WRI in other unrelated matters in which WRI has a potential adversity to Aspen Financial Services, Housing Capital Company, Franklin Bank (in receivership with FDIC), AmTrust Bank (in receivership with FDIC) and Bank of the West.  We do not believe there is a conflict with our adversity to these creditors in other unrelated WRI matters with respect to the representation of the Committee.  We will review this matter should any of these creditors become adverse with the Committee on specific matters.

Unsecured Creditors' Committee
9/30/10
Page 5

Perkins Coie is also currently adverse to four of the 20-largest creditors on other unrelated matters: Franklin Bank (in receivership with FDIC), AmTrust Bank (in receivership with FDIC), Bank of the West and Wells Fargo Bank. We do not believe there is a conflict with our adversity to these creditors with respect to the representation of the Committee in this Bankruptcy Case, but will review this matter should any of these creditors become adverse with the Committee on specific matters.

Perkins Coie currently represents a subsidiary of Masco which extends its representation to its entire corporate family, which includes Guy Evans Contractor Services and Gale Building Products (aka Sacramento Insulation) (collectively, "Evans and/or Gale") who are Co-Debtors in this Bankruptcy Case. At this time we are unable to determine if the Committee will take an adverse position to Evans and/or Gale. Should the Committee determine that it will take an adverse position to Evans and/or Gale, Perkins Coie may request waiver letters from the Committee and Masco, or determine it is in the best interests of the Committee to withdraw from representing the Committee with respect to Evans and/or Gale.

We are also in the process of checking each name in the Don White matrix of creditors, a matrix that includes over a hundred creditors. We will discuss with you and disclose issues that arise from that broader search.

Please let me know immediately if there are other adverse or potentially adverse party names to check, or other names that the Committee believes we should check. As information becomes more available during the course of the representation, we will supplement our conflicts records as necessary. If you learn about significant name changes of any of the entities or about additional adverse or potentially adverse parties, please advise us so our records can be updated.

We have agreed that no confidences will exist among the members of the Committee regarding the work we do for the Committee and that the Committee will inform the members of the Committee as appropriate during the representation. That means, among other things, that if we receive information from or about one of the members of the Committee that we believe the others should have in order to make decisions regarding the subject of our representation, we may give them that information.

During a bankruptcy case, our compensation is subject to procedures provided under the United States Bankruptcy Code and applicable rules. For example, we may apply funds received to actual payment of compensation only upon approval of the Court. The Court may periodically authorize compensation to the Firm, but often no more frequently than every 120 days. Thus, the monthly invoices you receive may not reflect the exact amount of compensation that the Court will allow. Regardless of the Court approval process, we urge you to call promptly should you have any questions regarding any fee statements we forward to you, the nature and scope of

31723-0074/LEGAL19206543.1

Unsecured Creditors' Committee
9/30/10
Page 6

representation or any other questions you may have regarding the attorney-client relationship.
Frank, timely communication is essential. We retain the right to cease performing legal services
and to terminate our representation of the Committee for any reason consistent with ethical rules,
including conflicts of interest or delinquency or nonpayment of legal fees and expenses. If it
appears that Don White's bankruptcy estate will be unable to pay its professionals, you agree that
we may withdraw from our representation. You also agree that we may request a reasonable
retainer from the Don White bankruptcy estate.

As we have discussed, our client is the Committee as a whole. We do not represent any
members individually in relation to Don White. It is possible that the position of one or more
individual members will differ from that of the Committee. Those members retain the right to
seek separate representation to protect their interests. It is possible, however, that if an
individual member's interests are so divergent from the position of the Committee that the
individual member may need to withdraw from participation on the Committee. At this point in
the development of the facts we do not expect that this will occur. However, we will all have to
remain mindful of this eventuality during the course of this representation.

Perkins Coie represents many other companies, individuals and government agencies ("clients").
During the time we are representing the Committee we may be asked to represent: (1) other
present or future clients in transactions, litigation or other disputes adverse to the Committee that
are not substantially related to our representation of the Committee; and/or (2) in matters not
substantially related to our work for the Committee, parties who have interests adverse to the
Committee in matters we are handling for the Committee.

We request the Committee's consent to allow Perkins Coie to undertake such future
representations without the need to obtain any further or separate approval from the Committee,
as long as those matters are not substantially related to matters in which Perkins Coie is
representing, or has represented, the Committee. We agree not to use any proprietary or other
confidential nonpublic information concerning the Committee acquired by us as a result of our
representation of the Committee to the Committee's material disadvantage in connection with
any litigation or other matter in which we are adverse to the Committee.

The Oregon Rules of Professional Conduct require us to recommend that you seek independent
counsel in determining whether each of the above consents should be given.

This letter, along with the enclosed Information for Clients, confirms the terms and conditions on
which Perkins Coie LLP and its affiliates will provide legal services to the Committee. To the
extent the Information for Clients differs from the terms set forth in this letter, this letter controls.
In addition, to the extent that this letter or the Information for Clients are at odds with the
applicable rules or the rulings of the Bankruptcy Court, those rules and rulings will control.

31723-0074/LEGAL19206543.1

Unsecured Creditors' Committee
9/30/10
Page 7

If this letter correctly sets forth our understanding, please sign and date a copy of this letter and promptly return it to me. An emailed or faxed version is fine. If you have any questions about this letter or generally about our services or bills, please call me at any time. We look forward to working with the Committee and thank you and the Committee for placing your confidence in Perkins Coie.

Sincerely yours,

Douglas R. Pahl

DRP/et
Enclosure
    Information for Clients

ACCEPTED AND AGREED:

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF DON GROVER WHITE

By:    _____
      Julie MacHale, Chair

Date:   September 30 , 2010

# Information for Clients

Perkins Coie LLP is pleased to serve you. The following information explains the terms that apply to our engagements (except to the extent that you have reached a different written understanding with us about particular terms) for legal services provided by Perkins Coie LLP and its affiliates. We encourage you to discuss this information with our lawyers at the inception of a matter and whenever you have questions during the course of that matter. Section headings are for convenience of reference only and not intended to affect the interpretation of the provisions of such sections.

**Personnel.** We generally assign one lawyer primary responsibility for seeing that your requests for legal services are met, but additional lawyers may assist in rendering the most appropriate and efficient legal services. We attempt to assign personnel to each matter based on the nature and scope of the issues raised by the matter and our lawyers' experience and expertise.

**Basis for Fees.** We charge for legal services rendered by our firm at applicable hourly rates. Each attorney, paralegal, and other timekeeper records time at assigned billing rates. Because hourly rates vary among personnel, each statement typically reflects a composite of several hourly rates. Those rates are reviewed periodically and change at least annually (usually on January 1) based on economic factors and the changing experience levels of our personnel. Services performed after the effective date of the new rates will be charged at the new rates.

**Disbursements and Other Charges.** In the course of performing legal services for you, various services may be provided by third parties. Examples include messenger and courier charges, filing and recording fees, foreign agent fees, court reporters and transcript costs, expert and other witness fees, charges for outside consultants and research services, and travel expenses. You are responsible for these third-party charges, and we reserve the right to forward their invoices directly to you for payment. For administrative ease, however, we may advance payment to the third-party provider and include the charge on our invoice to you, with no markup for handling. We will retain and not allocate to clients relatively insignificant discounts we receive for prompt payment or volume usage. For patent, trademark and other matters that may involve significant third-party payments, you may be required to maintain a minimum balance in a trust account to fund such payments. You will be advised of any such requirements, and we will not be obligated to request or pay for third-party services not fully covered by such deposits.

We will also charge you for certain internal services we provide in connection with our legal services. As noted below, because we both invest in specialized equipment and commit to long-term contracts with computer research vendors (such as Westlaw), long-distance telephone carriers, and others, we achieve savings in exchange for guaranteed payment, usage or other obligations undertaken at our risk. This allows us to charge our clients for certain computer research services and most long-distance telephone calls at rates discounted below standard rates. However, the payments we receive from clients for these services may exceed our total payments to the vendors. This excess is used to partially offset the costs we incur for related equipment and personnel and the risks we assume in entering into these contracts.

We currently charge specific internal costs in the following manner:

> **Photocopying, Printing, and Facsimile.** In our U.S. offices, clients are charged ten cents per page for laser printing and photocopying. These charges are higher in our non-U.S. offices. We do not charge for facsimiles sent or received, other than long-distance telephone charges.

> **Computer Research.** There is no extra charge to clients for our use of the firm's internal work product retrieval system. Clients are charged for computer-assisted research from outside services, other than many Westlaw Services, at the vendors' standard rates. For many services from Westlaw, our primary outside computer-research source, we are able to charge clients just 50% of Westlaw's standard rates

because we committed to a long-term contract with monthly minimum payments. We may occasionally be able to pass along other discounted rates for computer-assisted research from outside sources when we can negotiate volume discounts.

**Telecommunications.** We do not charge for local calls or for any email communications. In the United States, where we have been able to install special equipment and negotiate volume discounts, we share our savings with clients by charging long-distance calls at 50% of the AT&T tariff for direct-dial long-distance calls, plus applicable taxes. In our non-U.S. offices, long-distance calls are charged at the carrier's tariff for such calls, plus applicable taxes. Credit card and cell phone calls necessitated by work on your matters are charged at our actual cost.

**Mail/Messengers.** In our larger offices, we may use firm messengers whenever appropriate to shorten delivery times and offer greater flexibility. Charges for such internal messengers are equal to or below rates charged by outside messengers for similar services. We do not charge for regular mail. Bulk mailings, packages, overnight deliveries, and special postal services are charged at our actual cost.

**Overtime.** Clients are charged for staff overtime, meals, and transportation only when (a) the client specifically requests after-hours effort or (b) the nature of the work necessitates overtime and such work could not have been done during normal work hours.

**Document Imaging and Database Support.** Certain matters, particularly large-scale litigation, may require special document imaging and optical character recognition ("OCR") services. We currently charge 15 cents per page for document imaging and 25 cents per page for OCR. Clients requiring these special technical services may also be charged for storage space on the firm's computer servers.

**Invoices and Payment.** We typically bill monthly, and payment is due upon receipt of the invoice. Payment of an invoice will reflect your agreement to the amount charged on that invoice, and you must bring any misbilling or other charge that you believe is inappropriate to our attention within 45 days of presentation of the invoice. To the fullest extent permitted by law, you agree that we have an attorneys' lien (including, without limitation, in the results of our services) to secure payment of the obligations owed us and that we may take steps to inform others of any attorneys' lien rights we might have. For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month (or such lower rate as required by applicable law) on unpaid balances from the invoice date. Unless otherwise agreed upon, we may apply payments first to our own attorneys' fees and costs of collection, second to our late charges, third to our invoiced fees, and finally to our invoiced disbursement charges. Our election not to exercise any rights or not to require punctual performance of each provision of this agreement will not be construed as a waiver or relinquishment of our rights. We do not and cannot guarantee the outcome of any matter or particular results, and payment of our fees and disbursements is not conditioned on any particular outcome. If we are required to bring an action or proceeding to collect fees or disbursements due us, we will also be entitled to recover certain fees and costs. These include, but are not limited to, our own outside attorneys' fees, expert witness fees, other costs of collection billed to us, and the value of legal services Perkins Coie's own attorneys perform in analyzing or prosecuting a collection action if such circumstances arise on your account. You consent to venue and jurisdiction wherever we have an office with attorneys who worked on your behalf. Also, if we are required to testify, produce documents, or respond to other requests in connection with litigation or other proceedings commenced by third parties that relate to our representation of you, you will pay us our reasonable fees and costs incurred in connection with such activities.

**Insurance Coverage.** You may have insurance policies relating to a matter for which you engage us that might cover, among other things, reimbursement of attorneys' fees and costs. If coverage is potentially available, including coverage for our fees and costs, your appropriate insurance company must be notified as soon as possible. We can advise you on the availability of insurance coverage only if you expressly and timely request that we do so, we do not have a conflict of interest, and we agree to undertake such additional work. You would then need to furnish us copies of all relevant insurance policies and related documents. Regardless whether, when, and to what the extent

31723-0074/LEGAL19206543.1

insurance coverage might be available to reimburse all or a portion of our fees and costs, you nevertheless remain primarily obligated for amounts owed us, including any late charges that accrue during any delay in payment by others.

**Advance Payments and Estimates.** We may require advance payments before working or continuing work on a matter. Of course, the amount of work we are called upon to perform may subsequently exceed our prior expectations. Regardless of whether you make an advance payment, you agree that any budget, estimate, or similar range for potential charges is nothing more than a forecast based on then-current assumptions, and any such forecast may be high or low due to changed or unforeseen circumstances. We reserve the right, as a condition of providing additional services, to require an increase in any advance payment.

**Legal Service Provider.** We provide strictly legal services to you in connection with this agreement. You are not relying on us for any services other than legal services, and we are specifically not providing any business, investment, insurance, or accounting advice or any investigation of the character or credit of persons with whom you may be dealing.

**Identity of Client.** You confirm that we are being engaged by you and not any of your subsidiaries, affiliates, equityholders, employees, members of your family, or other persons, unless we separately and explicitly undertake such representation. You also expressly confirm that we may be adverse to any entity in which you have an ownership interest and any of your affiliates, equityholders, employees, members of your family, or other persons in matters unrelated to our work for you.

**Conflicts of Interest.** We have performed a search of our other clients to determine whether representing you might create a potential conflict of interest with any other clients. That check was done using your name and any other names you gave us. Please inform us immediately if you use other names or have affiliated companies that we should enter into our conflicts system.

**Cooperation/Reliance on Accurate Information.** To enable us to represent you effectively, you will cooperate fully with us in your matter(s). You and your agents will fully and accurately disclose to us all facts and documents that may be relevant to a matter we undertake or which we may otherwise request. This information will form the basis of our legal advice.

**Email Communication Disclaimer.** Many of our legal professionals receive hundreds of email messages per day (in addition to spam). Although email is an efficient method for many communications, it can also be delayed in transit or otherwise missed (e.g., blocked by our anti-spam software). You cannot assume that each email message copied or sent to one of our legal professionals was actually opened and read by him or her unless you receive a non-automated reply message indicating that he or she read the substance of your message.

**Termination of Services.** We retain the right to cease performing legal services and to terminate our legal representation for any reason consistent with ethical rules, including conflicts of interest or your failure to pay our legal fees and expenses when due. Our representation in any matter will also cease on completion of our work on that matter unless you ask us to perform additional work that we agree to undertake. Performing additional services for you on the same or any other matter is subject to these terms and conditions, our mutual concurrence and clearance of conflicts, if any. We are unable to assure you that matters for other clients will not conflict us out of additional matters you might later ask us to undertake. On completion of a matter, we may close our files and, absent a specific written undertaking to do so, will not thereafter be obligated to docket milestones, make additional or continuation filings, pursue appeals, take other steps on your behalf on the matter, or monitor or advise you with respect to changes in the law or circumstances that might bear upon or adversely affect the completed matter. If you wish to have us return material from your files after the conclusion of a particular matter, we will provide you such material at your request and expense. We will have no obligation to retain client files more than one year after the conclusion of a particular matter or our representation.

**Alliances/Other Counsel.** Many of our clients also have international or other legal needs we cannot fulfill. This causes us from time to time to establish ongoing working relationships or strategic alliances with law firms in other jurisdictions. While our close relationships with our legal colleagues at these firms have helped us provide coordinated representation for many of our clients, these firms (and other firms we may recommend to our clients) are separate from and independent of Perkins Coie. We do not share personnel or fees, do not have common operations beyond occasional joint seminars and presentations, and must check any other firm's conflicts of interest before that firm's lawyers may jointly represent any of our clients. Under rules in certain jurisdictions where we practice, we must advise you that you may consult independent counsel to advise you regarding these documents governing our relationship, and we encourage you to do so if you like. Also, you retain the right to consult with independent counsel at any time while we represent you. However, we are not responsible for any advice an independent counsel may give you, and such consultation will be entirely at your expense.

**Affiliates.** Perkins Coie LLP generally practices law under the name Perkins Coie. A separate, affiliated Arizona entity, Perkins Coie Brown & Bain P.A., provides legal services from the Phoenix office. For administrative ease, Perkins Coie LLP collects payments for legal services rendered by its affiliates.

**Questions.** We endeavor to deliver legal services effectively and efficiently and to render accurate and understandable billings. Please direct any questions about services or billing practices to your client service lawyer. Questions regarding the billing or payment status of your account may also be directed to the Client Accounting Department in our Seattle office at 1-800-261-3143 (206-359-3143 in the Seattle area).

# EXHIBIT "B"

# EXHIBIT "B"

## EXHIBIT B TO DECLARATION OF DOUGLAS R. PAHL

1.    Perkins Coie currently represents the following creditors in unrelated matters:

Charter Bank Santa Fe NM
Mill Creek LLC
MW Housing Partners III, LP
MW Housing Partners I, LLC
Smith, Patricia
Washington Federal Savings
Wells Fargo Bank
Weyerhaeuser Realty Investors ("WRI")
Woodworth, Jeffrey and Nancy dba Woodworth & Company
Woodworth, John A. and Judith A. dba Woodworth & Company
WRI Communities Fund I, LLC

2.    Perkins Coie formerly represented the following creditor in unrelated matters:

None

3.    Perkins is adverse to the following creditors in unrelated matters:

Alberto Gonzalez
AmTrust Bank (in receivership with FDIC)
Bank of Nevada
Bank of the West
FDIC
Franklin Bank (in receivership with FDIC)
FH Partners, LLC
Housing Capital Company
Hof Financial I, LLC
Insurance Company of the West
Investors Mortgage Corporation
RBC Centura Bank
Roberts, Williams
Stewart Title Guaranty Company
Washington Federal Savings
Wells Fargo Bank
White, Bryan K

4.  Perkins Coie was adverse to the following creditors in unrelated matters within the last two (2) years (closed matter), except as noted:

    Stewart Title Guaranty Company
    Aviara Owners Association*
    Summerwalk Residential LLC*
    Tier One Bank*
    Tripacific Residential Investors-One LLC*
    White, Lincoln*

    *Perkins Coie was adverse to this party in its representation of Weyerhaeuser Realty Investors regarding the Don Grover White insolvency issues. Perkins Coie has closed that matter because of its proposed representation of the Official Committee of Unsecured Creditors in this bankruptcy proceeding.

5.  Perkins Represents Masco which extends representation to two subsidiaries who are Co-Debtors in unrelated matters:

    Gale Building Products (aka Sacramento Insulation)
    Guy Evans Contractors

6.  Perkins Client Weyerhaeuser Realty Investors is Adverse to the following creditors in unrelated matters to:

    Aspen Financial Services
    Housing Capital Company
    Franklin Bank (in receivership with FDIC)
    AmTrust Bank (in receivership with FDIC)
    Bank of the West

**Exhibit B**