Zachariah Larson, NV Bar No. 7787
Michael J. Walsh, NV Bar No. 10265
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: 702.382.1170
Facsimile: 702.382.1169
Email: ZLarson@lslawnv.com

Richard M. Lorenzen
Arizona Bar No. 006787
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
Email: RLorenzen@perkinscoie.com

Douglas R. Pahl
Oregon Bar No. 950476
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087
Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Proposed Counsel for The Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: BK-S-**10-19402**-lbr |
| | Chapter 11 |
| DON GROVER WHITE, | Date: December 8, 2010 |
| Debtor. | Time: 2:00 p.m. |
| | Courtroom 1 |

74661-0001/LEGAL19115882.1

**DECLARATION OF ZACHARIAH LARSON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY LARSON & STEPHENS LLP AS LOCAL COUNSEL, *NUNC PRO TUNC***

I, Zachariah Larson, an attorney, hereby declare as follows:

1. I am an attorney in the law firm of Larson & Stephens ("Larson & Stephens" or the "Firm"), located at 810 S. Casino Center Blvd., Suite 104, Las Vegas, Nevada 89101. I am admitted to practice in, and am a member in good standing of, the bar of the State of Nevada.

2. I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge or upon client/matter records of Larson & Stephens reviewed by me or by an employee of Larson & Stephens acting under my supervision and direction.

3. I submit this declaration in support of the Application for Order Authorizing Official Committee of Unsecured Creditors to Retain and Employ Larson & Stephens, LLC as Local Counsel, *Nunc Pro Tunc* (the "Application"), filed concurrently herewith, which Application is made in accordance with section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case desires to retain and employ Larson & Stephens as its local counsel, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014. Larson & Stephens has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law, and I believe that Larson & Stephens is particularly well qualified for the type of representation which is required by the Committee. Larson & Stephens is a law firm with an extremely broad-based practice including substantial expertise in the many areas of the law that may generate issues in this case. Accordingly, Larson & Stephens possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

5. Larson & Stephens contemplates that it will provide a full range of services required to represent the Committee in the course of this case, which may include:

1      a.    advising the Committee on all legal issues as they arise;

2      b.    representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtor and other parties;

      c.    investigating the Debtor's assets and pre-bankruptcy conduct;

      d.    preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

      e.    representing and advising the Committee and the interests of the unsecured creditors in all proceedings before this Court in this case;

      f.    assisting and advising the Committee in its administration; and

      g.    providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

6.    Subject to the Court's approval, Larson & Stephens will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. Larson & Stephens' billing rates for attorneys for the 2010 calendar year range from approximately $250 per hour for associates to $350 per hour for partners. However, it is not anticipated that any professionals having day-to-day responsibility for this matter will not charge over the rate of $350 per hour for the 2010 calendar year.  Time devoted by paralegals for the 2010 calendar year is charged at billing rates ranging from approximately $150 to $350 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  Larson & Stephens will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. Larson & Stephens intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), but, pending such applications, Larson & Stephens requests payment of its fees and expenses in accordance with any interim compensation procedures order approved by the Court.

7.    The names, positions, and hourly rates for the 2010 calendar year of the Larson & Stephens professionals presently expected to be responsible for providing services to the Committee are Zachariah Larson, Partner ($350/hour); Michael J. Walsh, Associate ($250/hour); Shara Larson ($250/hour; Carey Shurtliff, Paralegal ($150/hour); and Susan Stanton, Paralegal ($150/hour). Most of the practices of Mr. Larson at Larson & Stephens have been related to bankruptcies and financial workouts. A copy of the engagement letter with the Committee dated October 26, 2010 is attached hereto as Exhibit A.

8.    In addition, from time to time, it will be necessary for other Larson & Stephens professionals to provide services to the Committee. Larson & Stephens will make every reasonable effort to have the Committee's legal work performed by the lowest costing professional with the necessary experience.

9.    Neither Larson & Stephens nor I, insofar as I have been able to ascertain, and other than disclosed below: (a) hold or represent any interest adverse to the Debtor, its estate; or any class of its creditors; or (b) represent any other entity in connection with this case having an interest adverse to the Committee. Further, insofar as I have been able to ascertain, other than in connection with this case, Larson & Stephens has no connection (connection being defined as a biological or contractual relationship) with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys or accountants (where known), or any person employed in the Office of the United States Trustee, except as set forth below. Accordingly, I believe Perkins Coie is a "disinterested person," as defined in 11 U.S.C. § 101(14) of the Bankruptcy Code, except:

    a.    Larson & Stephens appeared in this case as local counsel on behalf of MW Housing Partners I, LLC and WRI Communities Fund I, LLC, two of the 20 largest creditors in this case. The Manager of these two companies, Weyerhaeuser Realty Investors ("WRI") is a member of the Committee and has consented to the Committee looking out for all of the Creditor's best interest. Perkins Coie has withdrawn as counsel for WRI in this case to represent the Committee. I believe that Larson & Stephens' former representation of WRI in this case is an asset to

the work of the Committee. Larson & Stephens has an ongoing relationship with WRI in other, unrelated matters.

    b.    According to section 327(e) of the Bankruptcy Code, the trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11.    As a result, upon reasonable inquiry and to the best of my knowledge, I have determined that Larson & Stephens, within the scope of its representation, does not currently represent any of the above entities, or interests adverse to any of the above entities in matters related to the Debtor's chapter 11 case.

12.    Larson & Stephens is conducting a continuing inquiry to ascertain whether there exists any situation which would affect Larson & Stephens' status as a "disinterested person" or its ability to represent the Committee under section 1103 of the Bankruptcy Code. If additional disclosure is required, I will promptly file a supplemental declaration with this Court.

13.    Larson & Stephens has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case, except as permitted under section 504(b) of the Bankruptcy Code.

14.    For the reasons set forth above, I believe that I and the other attorneys employed by Perkins Coie are well qualified to act as counsel for the Committee.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

1  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
2  and correct.
3  DATED November 5th, 2010
4  Prepared and Submitted:
5  LARSON & STEPHENS, LLC
6
7  /s/ Zachariah Larson, Esq.
   Zachariah Larson, Esq., Bar No. 7787
8  Michael J. Walsh, Esq., Bar No. 10265
   810 S. Casino Center Blvd., Suite 104
9  Las Vegas, NV 89101
10 Proposed Counsel for Official Committee of
   Unsecured Creditors

# EXHIBIT "A"

EXHIBIT "A"



## LARSON & STEPHENS

A NEVADA LIMITED LIABILITY COMPANY
810 S. CASINO CENTER BLVD., SUITE 104
LAS VEGAS, NV 89101

PHONE (702) 382-1170
FAX (702) 382-1169

October 27, 2010

Julie MacHale
Weyerhaeuser Realty Investors
8105 Irvine Center Dr., Suite 420
Irvine, CA 92618

Re:   Engagement of Larson & Stephens

Dear Ms. MacHale:

This letter will confirm that Larson & Stephens, LLC (the "Firm") has been engaged as attorneys for Committee of Unsecured Creditors' (the "Client") on the terms described in this letter.

### Scope of Engagement

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Represent Client as local counsel for the Committee of Unsecured Creditors' in bankruptcy case commonly known as Don Grover White / Case No.: 10-19402

### Fees

The Firm's fees are based on the hourly rate of the persons working on the Matter as well as the value of the services rendered. The applicable hourly rates are the Firm's prevailing rates for attorneys, law clerks and paralegals. Our current rate for attorneys is $350 per hour. The attorney who will provide the principal work on this case is Zachariah Larson ($350/hour). Mr. Larson's current rate is $350 per hour. Our current rate for all other attorneys is $250 per hour. Law clerks and paralegals currently bill at $150 per hour. All of the Firm's rates are adjusted annually and the annual adjustment will apply to this engagement.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. If, on the other hand, the Firm concludes that the value of the services rendered is greater than what the fees would be at the Firm's prevailing hourly rates, then any such increase will be discussed with the Client.

The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other

Engagement of Larson & Stephens
Page 2 of 5
October 27, 2010

engagements caused by the acceptance of this engagement, the magnitude of the Matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and other similar considerations.

### Costs And Expenses

The Firm's bills to the Client will include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the Firm (such as telephone charges). Expenses are incurred through invoices from a third party (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical cost items include, but are not limited to: photocopies, long distance telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Client at actual cost. Whenever practical, the Firm will not commit to a major expense or cost item without first discussing it with the Client.

### Billing

The Firm will send its bills to the Client monthly and those bills will be due and payable within thirty (30) days from their date. Past-due bills will bear interest at the rate of one percent (1%) per month.

The Firm will provide in its bills a general identification of the services performed and the costs and expenses incurred. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

### Retainer

The Client agrees it will be billed on a monthly basis until the Matter is completed.

If the scope of the Matter expands significantly over that which is contemplated as of the date of this letter, then the Firm may require additional retainers as necessary.

### General Responsibilities

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

Engagement of Larson & Stephens
Page 3 of 5
October 27, 2010

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly discuss the problem with the Firm.

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm encourages the Client to participate in all major decisions involving the Matter. Unless otherwise directed by the Client, the Firm will provide the Client copies, at the Client's cost, of all significant documents sent or received by the Firm in connection with the Matter. The Client copies shall be sent to Perkins Coie LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209.

All of the Firm's work product will be owned by the Firm but may be utilized in whole or in part by the Firm or the Client in other projects.

## Conflicts

The Firm represents many other companies and individuals. It is possible that some of the Firm's present or future clients will have disputes with the Client during this engagement. Therefore, as a condition to the Firm's undertaking this engagement, the Client agrees that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to the Matter, even if the interests of such clients in those other matters are directly adverse to the Client. The Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as the result of the Firm's representation of the Client, the Firm has obtained sensitive, proprietary or other confidential information that, if known to any such other client of the Firm, could be used in any such other matter by such client to the material disadvantage of the Client.

## Termination Of Representation

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this engagement letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall

be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall promptly pay the Firm all fees, costs and expenses incurred prior to the date of termination or withdrawal.

Upon termination or withdrawal of this engagement, the Firm agrees to cooperate with any successor counsel to accommodate a smooth and orderly transition of the representation.

Engagement of Larson & Stephens
Page 4 of 5
October 27, 2010

### Governing Law And Rules Of Professional Conduct

This engagement letter shall be interpreted and enforced in accordance with the laws of the State of Nevada.

The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

### Dispute Arbitration

Any dispute with respect to this engagement or as to the amount of legal fees shall be submitted for final and binding arbitration in Nevada. If the entire dispute can and will be heard by the Fee Dispute Committee of the State Bar of Nevada, then that shall be the forum for arbitration. If the entire dispute cannot or will not be heard by the Fee Dispute Committee of the State Bar of Nevada, then the entire dispute shall be submitted for arbitration before the American Arbitration Association.

### Effort And Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

### Commencement Of Representation

The Client has requested that the Firm provide legal services before the signed copy of this letter is received by the Firm; accordingly, all such services previously rendered shall be deemed to be requested and provided pursuant to the terms of this letter.

### Retention Of Files

The Client is responsible for maintaining its own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter.

### Subsequent Matters

In the event that the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and the Client, those subsequent matters shall be governed by the terms and conditions of this Engagement Letter.

Engagement of Larson & Stephens
Page 5 of 5
October 27, 2010

**Integration**

This engagement letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This engagement letter shall not be modified except by written agreement signed by the Firm and the Client. This engagement letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

**Review By Other Counsel**

**This engagement letter is a binding legal document with significant consequences. The Client is encouraged to have it reviewed by other counsel of the Client's choice prior to execution by the Client.**

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,

*[signature]*

Zachariah Larson

The terms and conditions expressed in the foregoing engagement letter are agreed to and accepted.

Dated: _October 31_, 2010.

*[signature]*

Julie MacHale, an authorized signor or
The Committee of Unsecured Creditors'