LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail:  amy@amytirrelaw.com

William N. Lobel (State Bar No. 93202)
wlobel@thelobelfirm.com
James E. Till (State Bar No. 200464)
jtill@thelobelfirm.com
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA  92660
Telephone:     (949) 999-2860
Facsimile:      (949) 999-2870

General Reorganization Counsel for the Debtor
And Debtor-in-Possession, Don G. White

E-Filed: November 24, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DON GROVER WHITE,<br>aka DON G. WHITE,<br><br><br>Debtor and Debtor-in-Possession. | Case No. BK-S-10-19402-LBR<br><br>Chapter 11<br><br>**DEBTOR'S LIMITED OPPOSITION TO COMMITTEE OF UNSECURED CREDITORS' MOTION FOR APPOINTMENT OF EXAMINER PURSUANT TO 11 U.S.C. § 1104(C)**<br><br>Hearing Date:   December 8, 2010<br>Hearing Time:  2:00 p.m.<br>Place:  Courtroom 1 |

Don Grover White, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby files this "*Limited Opposition to Committee of Unsecured Creditors' Motion for Appointment of Examiner Pursuant to 11 U.S.C. § 1104(c)*" (the "Limited Opposition").

-1-

6497

1  By this Limited Opposition, the Debtor does not intend to dispute the Committee's right
2  and responsibility to fully understand and analyze the Debtor's financial affairs in this case.
3  However, the Debtor does not believe that the extreme step of appointing an examiner is
4  necessary or appropriate in a case where the grounds for such an appointment is a purported "lack
5  of financial expertise among the Committee members." (Motion, ¶ 12).

6  Rather, the Debtor believes - and has proposed to the Committee – that the more
7  appropriate means for the Committee to fulfill its statutory duties in this case is to hire a financial
8  advisor to review and advise the Committee with respect to the comprehensive financial
9  information already provided to the Committee by the Debtor.

10 As acknowledged by the Committee in the Motion, this is a case where the Debtor has
11 fully cooperated with the Committee since its appointment approximately 3 months ago. The
12 Debtor has provided – and will continue to provide – to the Committee all of the financial data
13 and other information it requires to fulfill its duties in this case.[1] The Committee simply needs an
14 advisor to assist it in analyzing the financial information it has received. The Debtor has agreed
15 that a financial advisor for the Committee is appropriate and is hopeful that the Committee's
16 concerns raised in the Motion will be adequately addressed in this fashion. Appointment of an
17 examiner, however, would only result in unnecessary expense and duplication of effort.

18 Not only is an examiner not necessary as a practical matter under the circumstances of
19 this case, but it is also not legally mandated. As recognized by the Committee in its Motion,
20 there is a split among the courts on the issue of whether the appointment of an examiner is
21 mandatory or discretionary under Section 1104(c) of the Bankruptcy Code where certain
22 threshold factors are met. The Debtor submits that the better reasoned cases hold that the

---

[1] Since the appointment of the Committee, the Debtor has provided to the Committee, among other things, the following documentation: Bank statements, tax-related documents, numerous documentation evidencing the sale and/or transfer of the Debtor's interests in property, financial statements and/or information for those entities in which the Debtor has a substantial or controlling interest, documents evidencing any insider transactions referenced in Rider 3.c of the Statement of Financial Affairs, documents evidencing the transactions with secured creditors in Class 1, documents evidencing all transfers from the Debtor's revocable trust to his irrevocable trust, including copies of the Debtor's trust agreements, and a copy of the "Catalyst Report," which includes, among other things, appraisal and/or valuation information.

**LAW OFFICES OF AMY N. TIRRE**
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

appointment of an examiner under Section 1104(c) is discretionary and is dependent on the facts and circumstances of a particular case. Where the facts and circumstances do not warrant the appointment of an examiner – or where such an appointment would be unnecessary, duplicative or burdensome, the better reasoned decisions have either denied the appointment of an examiner outright, or have appointed an examiner with limited or no powers. See e.g., In re Spansion, Inc., et al., 426 B.R. 114, 126-28 (Bankr. D. Del. 2010). This is especially the case where (as in this case), there has been no evidence presented of fraud, dishonesty, incompetence, misconduct or mismanagement of the debtor. Id.

In any event, even if an "examiner" were to be appointed in this case, the Committee has acknowledged that its role and compensation should be limited to a realistic and practical scope. The Debtor agrees with the Committee and believes that the appropriate scope would be akin to a financial advisor – to which the Debtor has already agreed.

Based on the foregoing, the Debtor respectfully submits that the appointment of an examiner in this case is neither necessary nor appropriate, and urges the Committee to immediately retain a financial advisor to review and advise the Committee regarding the Debtor's financial and business affairs so that this case can move forward as expeditiously as possible.

Respectfully submitted,

DATED: November 24, 2010.

LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation

BY: /s/ Amy N. Tirre_____
      Amy N. Tirre, Esq.

Local Counsel for
Debtor and Debtor-in-Possession

6497