LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

E-Filed: February 11, 2011

William N. Lobel (State Bar No. 93202)
wlobel@thelobelfirm.com
James E. Till (State Bar No. 200464)
jtill@thelobelfirm.com
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA  92660
Telephone:      (949) 999-2860
Facsimile:      (949) 999-2870

General Reorganization Counsel for the Debtor
and Debtor-in-Possession, Don G. White

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | ) Case No. BK-S-10-19402-LBR |
| | ) |
| DON GROVER WHITE, | ) Chapter 11 |
| aka DON G. WHITE, | ) |
| | ) **FIRST INTERIM APPLICATION OF THE** |
| | ) **LOBEL FIRM, LLP, REORGANIZATION** |
| | ) **COUNSEL TO THE DEBTOR AND** |
| Debtor and Debtor-in-Possession. | ) **DEBTOR-IN-POSSESSION FOR** |
| | ) **COMPENSATION FOR THE PERIOD** |
| | ) **FROM MAY 22, 2010 THROUGH** |
| | ) **DECEMBER 31, 2010; MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES** |
| | ) |
| | ) **Hearing Date and Time:** |
| | ) |
| | ) Date:    March 16, 2011 |
| | ) Time:    2:00 p.m. |
| | ) Place:   Courtroom 1 |
| | ) |

FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP,
REORGANIZATION COUNSEL TO THE DEBTOR AND
DEBTOR-IN-POSSESSION FOR COMPENSATION, ETC.

6997

## SUMMARY OF APPLICANT INFORMATION

| | |
|---|---|
| Name of Applicant: | The Lobel Firm, LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | May 21, 2010 |
| Period for which Compensation and Reimbursement is sought: | 5/22/10 – 12/31/10 |
| Amount of Fees requested for approval and allowance as actual, reasonable, and necessary: | $179,168.70 |
| Amount of Expense Reimbursement requested for approval and allowance as actual, reasonable, and necessary: | $1,130.24 |
| Total Compensation Requested: | $180,298.94 |
| Amount Received During Application Period Pursuant to Monthly Payment Procedures: | $180,298.94 |
| This is an interim application.<br><br>No prior request has been made for the relief requested herein. | |

**SUMMARY OF PROFESSIONAL AND PARAPROFESSIONAL TIME AND FEES**
**May 22, 2010 through December 31, 2010**

| Attorney / Paraprofessional | Hourly Rate | Hours | Total Fees |
|---|---|---|---|
| William N. Lobel | $900.00 | 7.10 | $6,390.00 |
| Tavi C. Flanagan | $660.00 | 45.20 | $29,832.00 |
| James E. Till | $630.00 | 192.39 | $121,205.70 |
| **Attorney Subtotal** | | **244.69** | **$157,427.70** |
| Pamela Nelson | $220.00 | 96.30 | $21,186.00 |
| Jennifer Mattiace | $150.00 | 3.70 | $555.00 |
| **Paraprofessional Subtotal** | | **100.00** | **$21,741.00** |
| **TOTAL** | | **344.69** | **$179,168.70** |
| **Combined Blended Rate (Attorneys and Paraprofessionals)** | **$519.80** | | |

**SUMMARY OF DISBURSEMENTS**
**May 22, 2010 through December 31, 2010**

| EXPENSES | TOTAL EXPENSE |
|---|---|
| Photocopies, including certified copies | $715.00 |
| Travel expense (Disclosure Statement and Status Conference Hearing) | $229.32 |
| Accommodations (Disclosure Statement and Status Conference Hearing) | $185.92 |
| **TOTAL** | **$1,130.24** |

## CATEGORY / HOURS / FEES SUMMARY FOR APPLICATION

| Matter/Category | Total Hours | Total Fees Incurred |
|---|---|---|
| Asset Analysis and Recovery | 0.30 | $189.00 |
| Business Operations | 14.60 | $6,443.00 |
| Case Administration | 103.90 | $54,939.00 |
| Claims Administration and Objections | 11.30 | $6,076.00 |
| Fee/Employment Application | 37.70 | $16,626.00 |
| Fee/Employment Objections | 5.30 | $3,327.00 |
| Litigation | 20.40 | $5,007.00 |
| Meeting of Creditors | 0.70 | $495.00 |
| Plan and Disclosure Statement | 148.49 | $85,189.70 |
| Services for other Professionals | 1.00 | $220.00 |
| Stay Relief | 0.20 | $126.00 |
| Valuation | 0.80 | $531.00 |
| **Totals** | **344.69** | **$179,168.70** |

**TO THE HONORABLE LINDA B. RIEGEL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND OTHER PARTIES-IN-INTEREST:**

Pursuant to the provisions of 11 U.S.C. § 330, The Lobel Firm, LLP ("Applicant"), reorganization counsel for Don G. White, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby respectfully applies to this Court for its first interim award of fees for professional services rendered to, and costs incurred on behalf of, the Debtor in this chapter 11 case (the "Application").

By this Application, Applicant seeks an order of this Court awarding interim compensation for professional services rendered to, and costs incurred on behalf of, the Debtor for the period from May 22, 2010 through and including December 31, 2010 (the "Application Period"). Applicant is requesting approval of fees for services rendered during the Application Period in the total amount of $179,168.70 and reimbursement of its expenses incurred on behalf of the Debtor in the amount of $1,130.24, for a total of $180,298.94.

In support of this Application, Applicant respectfully represents as follows:

1.      On June 18, 2010, the Debtor filed an Application to Employ the Lobel Firm, LLP as Reorganization Counsel to the Debtor (the "Employment Application").

2.      On August 9, 2010, the Court entered an order authorizing Applicant's employment as reorganization counsel for the Debtor, effective May 21, 2010 [Docket  No. 75] (the "Employment Order").  A true and correct copy of the Employment Order is attached hereto as Exhibit "A."

3.      In accordance with the Employment Application and Employment Order, Applicant was authorized to serve monthly professional fee statements in accordance with the procedures set forth in the Employment, and was authorized to obtain payment of its fees and costs on a monthly basis.   As detailed in the Application, during the Application Period, Applicant has served eight (8) monthly professional fee statements.

4.      On August 13, 2010, the U.S. Trustee appointed an official committee of creditors holding unsecured claims in the Debtor's case (the "Committee").

5.     As set forth in detail in the Application, Applicant has continually performed those legal services necessary to represent the Debtor in this chapter 11 case, including working with the Committee in the hopes of reaching agreement with respect to the terms of a consensual plan in this chapter 11 case.

**WHEREFORE**, by this Application, Applicant is requesting approval, on an interim basis, of compensation for services rendered on behalf of the Debtor in the amount of $179,168.70 and reimbursement of necessary costs and expenses incurred in the amount of $1,130.24, for a total award of $180,298.94.

This Application is made and based upon this Application, the attached Memorandum of Points and Authorities, all pleadings on file in the Debtor's case, and all evidence, both oral and written, that may be submitted prior to or at the time of the hearing on this Application.

**WHEREFORE**, Applicant requests that this Court enter an order as follows:

1.     Awarding to Applicant for the Application Period, on an interim basis, the total amount of $180,298.94, which consists of compensation for professional services rendered to the Debtor during the Application Period in the amount of $179,168.70 and reimbursement for out-of-pocket expenses incurred on behalf of the Debtor during the Application Period in the amount of $1,130.24; and

2.     Granting to Applicant such other and further relief as the Court may deem just and proper under the circumstances of this case.

DATED: February 10, 2011                    THE LOBEL FIRM, LLP


By: _____/s/ James E. Till_____
        William N. Lobel
        James E. Till
    Reorganization Counsel to Debtor
     and Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This is Applicant's first interim fee application filed in this case (the "Application").  By this Application, Applicant seeks an order of this Court awarding interim compensation for professional services rendered to the Debtor for the time period from May 22, 2010 through and including December 31, 2010 (the "Application Period").  Applicant is requesting fees for services rendered during the Application Period in the total amount of $179,168.70, and reimbursement of its expenses incurred on behalf of the Debtor in the amount of $1,130.24, for a total of $180,298.94.

### II.

### FACTUAL BACKGROUND

**A.    Background of the Debtor.**

The Debtor is an individual who resides in Las Vegas, Nevada.  A former bank manager with an emphasis on real estate financing, the Debtor has approximately twenty (20) years of direct experience in the business of real estate development, entering the residential real estate development industry in 1991 in Las Vegas, Nevada.  Today, the Debtor owns an interest in a number of real estate entities that were formed to purchase, develop and manage real estate (collectively, the "Companies").

The Companies' primary business focus is entry-level residential development, with sixteen (16) separate residential real estate projects in various states of completion in Nevada (8 projects), Washington (6 projects) and Arizona (2 projects).  The unexpected and cataclysmic erosion in the homebuilding markets that began during the third quarter of 2007 and has continued to this day touched nearly all homebuilding markets on the West Coast, including the markets in which the Debtor operates.  The market erosion in values and slow-down of absorption broadly affected the financial condition of the Companies and the Debtor.

As a result of this downturn in the residential real estate development market, the Companies were forced to suspend further development, construction, sales and marketing efforts

on six of their eight Nevada projects and their two Arizona Projects.  While the Companies took adequate steps to ensure the ongoing safety and security of each of the closed projects in Nevada and Arizona, the Companies lost the ability to make monthly interest payments and to pay real estate taxes as of the 4th quarter of 2007, and were unable to support the continuing negative cash flow of these projects.  Two of the Nevada projects and the six Washington projects have not been as severely impacted and the Companies are continuing to operate those projects and service their debt obligations related to these projects in the ordinary course of business.

Notwithstanding the Companies' efforts to raise capital, reduce their debt payments, increase revenues, and reduce overhead, the Companies were ultimately unsuccessful in managing through these challenging real estate market conditions.  As a result, the Companies lacked the liquidity necessary to pay their debt service relating to certain of the projects and defaulted on several of their outstanding loans.  The Companies' default on these loans, payment of which the Debtor had guaranteed, triggered, collectively, approximately $80 million dollars in estimated guaranty liability for the Debtor.

In response to these defaults, the Debtor entered into discussions with the lenders regarding his outstanding guarantees of the Companies' debt.  From September 2007 through the last quarter of 2009, the Debtor was fully engaged in these negotiations.  During this time, the Debtor retained the firm of Catalyst, LLC ("Catalyst") to prepare a Hypothetical Liquidation Analysis & Proposed Global Restructuring Plan for his lenders (the "Report").  A copy of the Report was distributed to each lender in December 2008.  Around this time, the Debtor also engaged counsel, including the Firm, to work with Catalyst and the Debtor's executives during the negotiation process.   Several meetings were held with the lenders to discuss the possibility of a negotiated settlement using the Report as a framework for any potential payout.  Contemporaneously therewith, in an effort to avoid the need to file for bankruptcy relief, the Debtor proposed an out-of-court workout whereby the Debtor and the lenders would restructure the Debtor's existing indebtedness.

After many months of negotiations, the Debtor determined that he would be unable to reach a consensual agreement regarding the restructuring of the Debtor's indebtedness in the

absence of a Bankruptcy Court supervised proceeding.  In addition, at least one of the Debtor's lenders commenced litigation against the Debtor in the United States District Court for the District of Nevada, further contributing to the Debtor's financial difficulties.  The Debtor's chapter 11 case was commenced on May 21, 2010 (the "Petition Date") to restructure the Debtor's financial affairs.

On July 30, 2010, the Debtor filed his "Plan of Reorganization (Dated July 30, 2010)" (the "Plan") and his "Disclosure Statement for Debtor's Plan of Reorganization (Dated July 30, 2010)" (the "Disclosure Statement").  Since the filing of the chapter 11 case and the Plan and Disclosure Statement, the Debtor has attempted to work cooperatively with the Committee to move this case toward confirmation.

In this regard, on November 1, 2010, the Debtor filed an amended Plan and Disclosure Statement in an attempt to address the Committee's concerns with respect thereto.  The Debtor has also provided the Committee with all of the information and documentation that it has requested in the case and the Debtor has stipulated to the employment of a financial advisor to assist the Committee.  A hearing on the Committee's motion to appoint an examiner in the Debtor's case, as well as a continued status conference on among, other things, the scheduling of a hearing on approval of the Disclosure Statement, has been continued by stipulation between the Debtor and the Committee until April 6, 2011 in order to allow the parties additional time to attempt to reach agreement on the terms of a plan in this case.

The Debtor is hopeful that the Committee will soon be in a position to provide its support for a plan in this case, and remains open and available to discuss the terms of such a consensual plan.

**B.**    **Background of Applicant.**

Applicant is a limited liability partnership with offices in Newport Beach, California.  Applicant specializes in bankruptcy and limits its practice to the areas of insolvency, reorganization, bankruptcy law and related litigation.  Applicant is comprised of three full-time attorneys, William Lobel, Mike Neue and James Till, and two independent attorneys, Tavi C.

Flanagan and Sean O'Keefe, all of which are duly licensed to practice in the courts of the State of California and various United States District Courts, including the Central District of California.

Attached hereto as Exhibit "B" are biographies of Applicant's professionals who rendered services to the Debtor during the Application Period, which describe the professionals' education, qualification, and work experience. The biographies address the information required by Rule 2016 of the Federal Rules of Bankruptcy Procedure. A summary setting forth the rates for each attorney and paraprofessional who rendered services to the Debtor during the Application Period is attached hereto as Exhibit "C." These rates are reasonable, consistent with the fees charged by similarly experienced attorneys in this area, and no greater than the rates normally charged to Applicant's non-bankruptcy clients.

Other than as between the partners of Applicant, no agreement or understanding of any kind exists between Applicant and any other person for the sharing of compensation received or to be received by Applicant for services rendered to the Debtor in connection with this case.

**C.** **Applicant's Role in the Case and Overview of Services Rendered During the Application Period.**

Applicant is the Debtor's reorganization counsel in this chapter 11 case. Since the Petition Date, Applicant has assisted the Debtor in fulfilling his duties as a debtor and debtor-in-possession in this chapter 11 case, including negotiating with the Committee and other creditors and moving the case forward toward confirmation of a plan. The services provided by Applicant in the Debtor's case are set forth in detail in this Application and the supporting invoices attached hereto as Exhibit "D." As described herein, these services have been reasonable, necessary and of benefit to the Debtor's estate.

**D.** **Employment of Applicant and the Filing of Monthly Professional Fee Statements.**

On June 18, 2010, the Debtor filed the Employment Application and, on August 9, 2010, the Court entered the Employment Order authorizing Applicant's employment as reorganization counsel for the Debtor, effective May 21, 2010. A true and correct copy of the Employment Order is attached hereto as Exhibit "A."

As of the Petition Date (May 21, 2010), Applicant held a retainer in the amount of $77,629.47 (the "Retainer").

In accordance with the Employment Application and Employment Order, Applicant was authorized to serve monthly professional fee statements in accordance with the procedures set forth in the Employment Application (each, a "Monthly Professional Fee Statement").   True and correct copies of Applicant's Monthly Professional Fee Statements are attached hereto as Exhibit "D."

On August 13, 2010, Applicant served the following Monthly Professional Fee Statements:

- First Monthly Professional Fee Statement (May 2010), reflecting professional fees in the amount of $9,898.00 and no costs;

- Second Monthly Professional Fee Statement (June 2010), reflecting professional fees in the amount of $41,018.00 and no costs; and

- Third Monthly Professional Fee Statement (July 2010), reflecting professional fees in the amount of $35,154.70 and costs in the amount of $412.50.

On September 18, 2010, Applicant served its fourth Monthly Professional Fee Statement (August 2010), reflecting professional fees in the amount of $6,506.00 and no costs.

On October 4, 2010, Applicant served its fifth Monthly Professional Fee Statement (September 2010), reflecting professional fees in the amount of $24,678.00 and no costs.

On November 3, 2010, Applicant served its sixth Monthly Professional Fee Statement (October 2010), reflecting professional fees in the amount of $24,931.00 and no costs.

On December 7, 2010, Applicant served its seventh Monthly Professional Fee Statement (November 2010), reflecting professional fees in the amount of $34,948.00 and costs in the amount of $185.92.

On January 6, 2011, Applicant served its eighth Monthly Professional Fee Statement (December 2010), reflecting professional fees in the amount of $2,035.00 and costs in the amount of $229.32.

No objections were filed to Applicant's Monthly Professional Fee Statements.

///

FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP,
REORGANIZATION COUNSEL TO THE DEBTOR AND
DEBTOR-IN-POSSESSION FOR COMPENSATION, ETC.                - 10 -

6997

### III.

### SERVICES RENDERED BY APPLICANT

In compliance with the requirements of the United States Trustee Guides, Applicant has created separate categories for the types of services rendered to the Debtor.  An analysis of each professional and paraprofessional's time spent in each category is set forth hereinafter.  A summary of the breakdown of services is as follows:

- Asset Analysis and Recovery
- Business Operations
- Case Administration
- Claims Administration and Objections
- Fee/Employment Applications
- Fee/Employment Objections
- Litigation
- Meeting of Creditors
- Plan and Disclosure Statement
- Services For Other Professionals
- Stay Relief
- Valuation

The following is a breakdown of the time spent and the fees incurred in each category of services to which professional time was billed during the period of time covered by this Application:

| Matter/Category | Total Hours | Total Fees Incurred |
|---|---|---|
| Asset Analysis and Recovery | 0.30 | $189.00 |
| Business Operations | 14.60 | $6,443.00 |
| Case Administration | 103.90 | $54,939.00 |
| Claims Administration and Objections | 11.30 | $6,076.00 |

| | | |
|---|---|---|
| Fee/Employment Application | 37.70 | $16,626.00 |
| Fee/Employment Objections | 5.30 | $3,327.00 |
| Litigation | 20.40 | $5,007.00 |
| Meeting of Creditors | 0.70 | $495.00 |
| Plan and Disclosure Statement | 148.49 | $85,189.70 |
| Services for other Professionals | 1.00 | $220.00 |
| Stay Relief | 0.20 | $126.00 |
| Valuation | 0.80 | $531.00 |
| **Totals** | **344.69** | **$179,168.70** |

The following is an overview of time spent and fees incurred in each category where professional or paraprofessional time was billed:

**Asset Analysis & Recovery.** Applicant spent 0.30 hours and charged a total of $189.00 in professional fees in this category of service.

| **Professional/Paraprofessional** | **Hours** | **Fees** |
|---|---|---|
| James E. Till, Esq. | 0.30 | $189.00 |
| **Total:** | **0.30** | **$189.00** |

During this Application Period, Applicant reviewed and analyzed issues relating to a potential recovery in connection with certain notes receivable.

**Business Operations.** Applicant spent 14.60 hours and charged a total of $6,443.00 in professional fees in this category of service.

///

| **Professional/Paraprofessional** | **Hours** | **Fees** |
|---|---|---|
| William N. Lobel, Esq. | 0.40 | $  360.00 |
| Tavi Flanagan, Esq. | 1.40 | $  924.00 |
| James E. Till, Esq. | 5.80 | $3,654.00 |
| Pamela Nelson, Paralegal | 6.50 | $1,430.00 |

| | | |
|---|---|---|
| Jennifer Mattiace, Legal Assistant | 0.50 | $   75.00 |
| **Total:** | **14.60** | **$6,443.00** |

In this category of services, Applicant reviewed, analyzed and assisted in the preparation and filing of the Debtor's monthly operating reports and the Bankruptcy Rule 2015.3 periodic reports relating to affiliated business entities as required by the Court.  Applicant also communicated with the Debtor regarding the chapter 11 case, the funding and use of funds in connection therewith, and planning with respect thereto.   Applicant further spent a limited amount of time in this category of services reviewing and analyzing issues relating to the Committee's request to appoint an examiner in the Debtor's case, and responding appropriately thereto.

**Case Administration.**  Applicant spent 103.90 hours and charged a total of $54,939.00 in professional fees in this category of service.

| **Professional/Paraprofessional** | **Hours** | **Fees** |
|---|---|---|
| William N. Lobel, Esq. | 1.90 | $1,710.00 |
| Tavi Flanagan, Esq. | 3.50 | $2,310.00 |
| James E. Till, Esq. | 71.80 | $45,234.00 |
| Pamela Nelson, Paralegal | 24.00 | $5,280.00 |
| Jennifer Mattiace, Legal Assistant | 2.70 | $405.00 |
| **Total:** | **103.90** | **$54,939.00** |

The services in this category relate to Applicant's involvement in the administrative aspects of the Debtor's case.  The following are examples of matters Applicant handled that are included in this category of services:

- Assisting in the preparation of Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs and related documents, and reviewing and addressing issues relating thereto;

- Assisting the Debtor with compliance with the U.S. Trustee requirements (including preparation of 15-day package, real property questionnaires, major

issues and timetable report, etc.) and coordinating with the Debtor with respect to these matters;

- Attending to notices of stay of litigation matters;

- Advising the Debtor with respect to his responsibilities and duties as a debtor-in-possession;

- Analyzing and responding to numerous requests for information regarding the Debtor's chapter 11 case, including voluminous requests for information and documents from the Committee;

- Reviewing and analyzing issues relating to the Debtor's budget and expenditures;

- Reviewing and attending to issues relating to the appointment of the Committee in the Debtor's case;

- Reviewing and analyzing the Court's scheduling of a status conference and the order setting same, including the information requested by way of a status report;

- Preparing a detailed status conference report for submission to the Court;

- Preparing for and attending the status conferences scheduled by the Court; and

- Also included in this category of services is review and analysis of the Committee's position with respect to various matters in the Debtor's case, and negotiations with the Committee regarding these issues.

**Claims Administration and Objections.**  Applicant spent 11.30 hours and charged a total of $6,076.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 1.30 | $1,170.00 |
| James E. Till, Esq. | 6.60 | $4,158.00 |
| Pamela Nelson, Paralegal | 3.40 | $748.00 |
| **Total:** | **11.30** | **$6,076.00** |

The services in this category related to various issues concerning the claims asserted in the Debtor's case and the nature, extent and priority of such claims. Examples of matters that Applicant handled in this category include the following:

- Review and analysis of various claims and related issues, including the claims of the 20 largest unsecured creditors;

- Review and analysis of proofs of claim filed in the Debtor's case;

- Review and analysis of information and documentation demands from individual creditors;

- Coordination with the Committee relative to discovery requests and negotiations with Committee regarding creditor claim and treatment issues, including dispute resolution procedures;

- Review and analysis of foreclosure proceedings and impact on guaranty claims against the Debtor; and

- Communications with the Debtor regarding various claims issues.

**Fee/Employment Applications.** Applicant spent 37.70 hours and charged a total of $16,626.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| Tavi Flanagan, Esq. | 0.10 | $66.00 |
| James E. Till, Esq. | 20.30 | $12,789.00 |
| Pamela Nelson, Paralegal | 16.80 | $3,696.00 |
| Jennifer Mattiace, Legal Assistant | 0.50 | $75.00 |
| **Total:** | **37.70** | **$16,626.00** |

In connection with this category, Applicant provided the following services:

- Preparation of the application to employ Applicant as reorganization counsel to the Debtor, the related notice and order thereon;

- Review and revisions to Applicant's monthly invoices to ensure consistency and accuracy; and

- Preparation of eight (8) monthly Professional Fee Statements and service of same.
- Also inadvertently miscategorized in this category of services is time (8.5 hours of James Till's time) relating to the review and preparation of the Debtor's Schedules, Statement of Financial Affairs and U.S. Trustee compliance reports at the outset of the Debtor's case (on June 3, 2010).

**Fee/Employment Objections.**  Applicant spent 5.30 hours and charged a total of $3,327.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 0.10 | $90.00 |
| Tavi Flanagan, Esq. | 2.80 | $1,848.00 |
| James E. Till, Esq. | 2.10 | $1,323.00 |
| Pamela Nelson, Paralegal | 0.30 | $66.00 |
| **Total:** | **5.30** | **$3,327.00** |

Applicant's services in connection with this category include the review and analysis of issues related to the Debtor's position with respect to the Committee's motion to appoint an examiner in the Debtor's case, discussions with the Committee to resolve the issues relating to the Committee's request (including the agreement to a financial advisor to the Committee).  Time in this category included the preparation of a limited objection to the Committee's motion for appointment of examiner to allow instead for the employment of a financial advisor to assist the Committee.

**Litigation.**  Applicant spent 19.20 hours and charged a total of $5,007.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 0.10 | $90.00 |
| James E. Till, Esq. | 1.10 | $693.00 |
| Pamela Nelson, Paralegal | 19.20 | $4,224.00 |

| | | |
|---|---|---|
| **Total:** | **20.40** | **$5,007.00** |

Applicant's services with respect to this category included the review and analysis of litigation and discovery related matters impacting the Debtor.  Also included in this category was the review of the Debtor's pending non-bankruptcy litigation matters, and the preparation of notices of stay and coordination of stay issues relating to such matters (the majority of such work was undertaken by Applicant's paralegal).

**Meeting of Creditors.**  Applicant spent 0.70 hours and charged a total of $495.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 0.20 | $180.00 |
| James E. Till, Esq. | 0.50 | $315.00 |
| **Total:** | **0.70** | **$495.00** |

Applicant's services with respect to this category included the review and analysis of issues relating to the Section 341(a) first meeting of creditors.

**Plan and Disclosure Statement.**  Applicant spent 148.49 hours and charged a total of $85,189.70 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 3.00 | $2,700.00 |
| Tavi Flanagan, Esq. | 37.40 | $24,684.00 |
| James E. Till, Esq. | 82.99 | $52,283.70 |
| Pamela Nelson, Paralegal | 25.10 | $5,522.00 |
| **Total:** | **148.49** | **$85,189.70** |

Applicant's services in this category involved, among other things, matters relating to the negotiation, formulating and drafting of the Plan (and related Disclosure Statement) that was filed in the Debtor's case on July 30, 2010 (as amended by the Plan and Disclosure Statement filed on November 1, 2010).  Specifically, the services in this category included the following:

- Preparation for, and participation in, various phone conferences and meetings to discuss plan structure, funding sources, claims and related issues;

- Drafting of the Plan and Disclosure Statement and revisions thereto;

- Drafting of a motion to approve the Disclosure Statement and scheduling a hearing on confirmation of the Plan;

- Review and analysis of the Committee's objections to the original Disclosure Statement, various telephone conference and correspondence with counsel for the Committee relating to the Committee's concerns and attempts to address same;

- Research and analysis regarding plan related issues;

- Preparation of a response to the Committee's objection to the Disclosure Statement;

- Preparation of a response to the Committee's request for information in connection with the Disclosure Statement, Plan and the Debtor's case;

- Review and analysis of issues relating to plan exclusivity, and the preparation of a motion to extend the Debtor's exclusivity period to obtain confirmation of the Plan;

- Negotiate and prepare stipulations to continue the hearing on the approval of the Disclosure Statement at the request of the Committee;

- Preparation for and attendance at the hearing on approval of the Disclosure Statement (which has been continued pending negotiations with the Committee and resolution of the examiner motion); and

- Further coordination and negotiations with the Debtor and the Committee, and amendments to Plan and Disclosure Statement, to address Committee concerns and move the Debtor's case forward.

**Services Other Professionals.**  Applicant spent 1.00 hours and charged a total of $220.00 in professional fees in this category of service.

///

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| Pamela Nelson, Paralegal | 1.00 | $220.00 |
| **Total:** | **1.00** | **$220.00** |

Applicant's services with respect to this category included coordinating with BMC Group, Inc. and Amy Tirre's office in connection with employment, professional fee statement and interim fee application issues.

**Stay Relief.**  Applicant spent 0.20 hours and charged a total of $126.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| James E. Till, Esq. | 0.20 | $126.00 |
| **Total:** | **0.20** | **$126.00** |

Applicant's services with respect to this category of services included a review and analysis of stay issues relating to litigation and foreclosure matters.  The majority of the time in connection with such matters is described above in connection with the "Litigation" category of services above.

**Valuation.**  Applicant spent 0.80 hours and charged a total of $531.00 in professional fees in this category of service.

| Professional/Paraprofessional | Hours | Fees |
|---|---|---|
| William N. Lobel, Esq. | 0.10 | $90.00 |
| James E. Till, Esq. | 0.70 | $441.00 |
| **Total:** | **0.80** | **$531.00** |

Applicant's services with respect to this category included the review and analysis of issues regarding the valuation of a notes receivable in the Debtor's case.

Attached hereto as Exhibit "D" are the detailed time records of Applicant concerning its representation of the Debtor in this bankruptcy case.  These records consist of computer printouts in the form of a billing statement.  Applicant's time records were prepared on a daily basis by the attorneys and legal assistants.  Each attorney and legal assistant measured their time for services

rendered to the Debtor on a "tenths of an hour basis." The billing statement contains a chronological summary of the time spent and services rendered to the Debtor.

The following is a summary setting forth each attorney who worked on the Debtor's case and the year each was admitted to practice law. The summary also includes the paralegal and legal assistant working on the case.

<u>William N. Lobel</u>. Partner of Applicant; admitted to practice in California in 1980; 7.10 total hours at a billable rate of $900.

<u>Tavi C. Flanagan</u>. Of Counsel to Applicant; admitted to practice in California in 1993; 45.20 total hours at a billable rate of $660.

<u>James E. Till</u>. Partner of Applicant; admitted to practice in California in 1999; 192.39 total hours at a billable rate of $630.

<u>Pamela Nelson</u>. Paralegal with Applicant. 96.30 total hours at a billable rate of $220.

<u>Jennifer Mattiace</u>. Legal Assistant with Applicant. 3.70 total hours at a billable rate of $150.

## <u>REIMBURSEMENT OF EXPENSES REQUESTED BY APPLICANT</u>

By this Application, Applicant is requesting reimbursement of expenses incurred during the Application Period in the amount of $1,130.24. Applicant has prepared a breakdown of its expenses incurred on behalf of the Debtor which are contained in attached Exhibit "D." The following is a brief cost summary as to the expenses Applicant is seeking reimbursement for:

| EXPENSES | TOTAL EXPENSE |
|---|---|
| Photocopies, including certified copies | $715.00 |
| Travel expense (Disclosure Statement and Status Conference Hearing) | $229.32 |
| Accommodations (Disclosure Statement and Status Conference Hearing) | $185.92 |
| **TOTAL** | **$1,130.24** |

**IV.**

## APPLICANT HAS COMPLIED WITH THE REQUIREMENTS OF RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND THE UNITED STATES TRUSTEE GUIDELINES

Rule 2016 of the Federal Rules of Bankruptcy Procedure states, in pertinent part, as follows:

> (a)     Application for Compensation or Reimbursement.  An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.  An application for compensation shall include a statement as to what payments have theretofore been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case . . . .

This Application sets forth all information required by Rule 2016 of the Federal Rules of Bankruptcy Procedure, including a narrative summarizing the services provided by Applicant on behalf of the Debtor.

**V.**

## THE BANKRUPTCY CODE PROVIDES FOR THE ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT FOR EXPENSES

Section 330 of the Bankruptcy Code authorizes the allowance of compensation and reimbursement of expenses.  Section 330 of the Bankruptcy Code provides that a bankruptcy court

FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP,
REORGANIZATION COUNSEL TO THE DEBTOR AND
DEBTOR-IN-POSSESSION FOR COMPENSATION, ETC.                    - 21 -

6997

may award to the debtor's or a committee's attorney reasonable compensation for actual,

necessary services rendered by the attorney, based on the time, the nature, the extent and the value

of such services, and the cost of comparable services to a non-debtor, as well as reimbursement of

the actual, necessary expenses expended by the attorney on behalf of the debtor.  Section 330

provides, in part, as follows:

> (a)(1)  [T]he court may award to a trustee, an examiner, a
>
> professional person employed under section 327 or 1103 --
>
> > (A)      reasonable compensation for actual, necessary
> >
> > services rendered by the trustee, examiner, professional
> >
> > person, or attorney and by any paraprofessional person
> >
> > employed by any such person; and
> >
> > (B)      reimbursement for actual, necessary expenses.
>
> * * *
>
> (3)(A)  In determining the amount of reasonable
>
> compensation to be awarded, the court shall consider the
>
> nature, the extent, and the value of such services, taking into
>
> account all relevant factors, including --
>
> (A)      the time spent on such services;
>
> (B)      the rates charged for such services;
>
> (C)      whether the services were necessary to the
>
> administration of, or beneficial at the time at which the
>
> service was rendered toward the completion of, a case under
>
> this title;
>
> (D)      whether the services were performed within a
>
> reasonable amount of time commensurate with the
>
> complexity, importance, and nature of the problem, issue, or
>
> task addressed; and
>
> (E)      whether the compensation is reasonable, based on the

FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP,
REORGANIZATION COUNSEL TO THE DEBTOR AND
DEBTOR-IN-POSSESSION FOR COMPENSATION, ETC.                    - 22 -

6997

1

2          customary compensation charged by comparably skilled

3          practitioners in cases other than cases under this title.

4   11 U.S.C. § 330(a).

5          This Application and Applicant's detailed time records (Exhibit "D") establish that the

6   requested fees are reasonable and necessary under the circumstances of this case, the results

7   achieved, and therefore satisfy the requirements of section 330 of the Bankruptcy Code.

8                                         **VI.**

9                                   **<u>CONCLUSION</u>**

10          Based upon the time spent by Applicant, the results obtained, the experience of Applicant,

11  as well as the fact that Applicant's fees and costs are comparable to those charged by similar law

12  firms, Applicant hereby requests that the Court approve this Application for payment of fees and

13  costs on an interim basis as requested.

14  DATED: February 10, 2011                    THE LOBEL FIRM, LLP

15

16                                             By: __/s/ James E. Till_____

17                                                  William N. Lobel
                                                    James E. Till
18                                             Reorganization Counsel to Debtor
                                               and Debtor-in-Possession
19

20

21

22

23

24

25

26

27

28