Zachariah Larson, Bar No. 7787
Shara Larson, Bar No. 7786
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: 702.382.1170
Facsimile: 702.382.1169
Email: ZLarson@lslawnv.com

Richard M. Lorenzen
Arizona Bar No. 006787
PERKINS COIE LLP
2901 N Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: 602.351.8405
Facsimile: 602.648.7000
Email: RLorenzen@perkinscoie.com

Counsel for The Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DON GROVER WHITE,<br><br>Debtor. | Case No.: BK-S-**10-19402**-lbr<br><br>Chapter 11<br><br>**Hearing Date and Time:**<br><br>Date: March 16, 2011<br>Time: 2:00 p.m.<br>Place: Courtroom 1 |

**OBJECTION TO FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP, REORGANIZATION COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR COMPENSATION FOR THE PERIOD FROM MAY 22, 2010 THROUGH DECEMBER 31, 2010**

The Official Committee of Unsecured Creditors ("Committee") files this objection to the *First Interim Application of the Lobel Firm, LLP, Reorganization Counsel to the Debtor and Debtor-in-Possession for Compensation for the Period From May 22, 2010 through December*


*31, 2010* (Doc. No. 171) (the "Lobel Fee Application").

## **Memorandum of Points and Authorities**

### Introduction

This Debtor filed his bankruptcy petition commencing this case on May 21, 2010. The Committee was appointed on August 13, 2010. The status of the bankruptcy case is as follows:

- On July 30, 2010, the Debtor filed his original Plan of Reorganization (Doc. No. 68), and Disclosure Statement (Doc. No. 71). The Plan provided for payment of a maximum 2.47% of unsecured claims, while allowing the Debtor to retain ownership of his operating businesses.

- On September 27, 2010, the Committee filed its Objection to the Disclosure Statement (Doc. No. 99) (the "Objection"). As pointed out in the Objection, the Disclosure Statement is inadequate in many respects, while the Plan suffers from various fatal legal infirmities, including the violation of the absolute priority rule. The Plan also improperly provides for a waiver of creditors' rights under § 1127(e), and conflicts with the deferred discharge provisions of § 1141(d)(5)(A).

- On November 1, 2010, the Debtor filed his Amended Plan of Reorganization (Doc. No. 108) (the "Amended Plan"), and his Amended Disclosure Statement (Doc. No. 109) (the "Amended Disclosure Statement"). Although the Amended Plan and Amended Disclosure Statement contain certain changes from the originals, the legal infirmities of the Plan have not been remedied, and the Committee believes that the Amended Disclosure Statement still fails to contain adequate information.

- On November 5, 2010, the Committee filed a Motion for Appointment of An Examiner in the case (Doc. No. 114) (the "Examiner Motion"). The Debtor opposed that motion on November 24, 2010 (Doc. No. 142).

- The hearings on the Amended Disclosure Statement and Examiner Motion have been continued to April 6, 2011 (Doc. No. 160).

- On February 11, 2011, the Lobel Fee Application was filed, requesting approval of fees and costs through December 31, 2010, in an amount of $180,298.94.

- On February 14, 2011, the Debtor filed an Application to Employ RSM McGladrey as Accountant for the Estate (Doc. No. 176).

- On February 22, 2011, the Committee filed an Application to Employ Development Specialists, Inc., as Financial Consultants (Doc. No. 179). The Committee hopes that this firm will provide the necessary financial review and analysis for its purposes in this case, although it has reserved its rights to continue to seek the appointment of an examiner.

- According to the most recent interim operating report in this case for December 2010, the total cash available to the estate as of December 31, 2010, is $175,189.00 (Doc. No. 158).

The Committee objects to the Lobel Fee Application for the reason and upon the grounds that the amount of the fees and expenses requested are excessive with regard to the current status of the case and the current value to the estate of those services. The hourly rates of the Debtor's attorneys also appear to significantly exceed market rates. In addition, the Commitee objects to the Lobel Fee Application on the grounds that there does not appear to be sufficient cash or other liquid assets available for payment of those fees without jeopardizing the ability to pay other administrative claims in this case, including Committee counsel,[1] the Committee's financial consultant, the proposed accountant for the Debtor, and/or the respective local counsel for the Committee and the Debtor. For these reasons, the Committee respectfully requests that the approval of the Lobel Fee Application be denied at this time.

## Argument

A fee applicant bears the burden of establishing entitlement to compensation and its reasonableness. *In re Smith*, 317 F3d 918, 928 (9th Cir. 2002). Bankruptcy courts have the obligation to ensure that the fees awarded are reasonable. *In re Circle K Corp.*, 294 B.R. 111, 114 (9th Cir. B.A.P. 2001) ("[A] court should award fees only to the level proven to be actual, necessary and reasonable."), citing *In re CIC Inv. Corp.*, 192 B.R. 549, 545 (9th Cir. B.A.P. 1996); *see also*, *In re Public Service Co. of N.H.*, 86 B.R. 7, 11 (Bankr. D. N.H. 1988) ("the ultimate standard is whether the final fee award is in fact an award of a 'reasonable fee' in the circumstances of a particular"). To that end, fee applications must be reviewed to eliminate excessive charges, unproductive time, duplication of services and effort, and services rendered in connection with the debtor's business. *In re ACT Mfg., Inc.*, 281 B.R. 468, 479-80 (Bankr. D.

---

[1] The accrued fees and costs of Committee counsel through February 28, 2011, is approximately $52,878.48.

Mass. 2002). Section 330(a)(4)(A) specifically prohibits the allowance of compensation for:

> (i) unnecessary duplication of services; or
>
> (ii) services that were not –
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.

The Lobel Fee Application requests approval of $54,939.00 in fees for "Case Administration," consisting generally of assistance with preparation of the Schedules and Statement of Affairs, compliance with US Trustee requirements, and various activities in connection with administrative matters. The Committee believes that this amount is clearly excessive on its face. There have been no significant administrative activities in the case to date to justify such a large amount of fees. Even the relative complex nature of the Debtor's asset structure would not justify such an amount, given that the attorneys at the Lobel firm had already worked extensively with the Debtor in the preparation of a liquidation analysis and efforts to reach a consensual reorganization with the Debtor's major creditors prior to the filing of the petition, for which the Lobel firm received a retainer in the aggregate amount of $599,880.77, which had been reduced as of the petition date to $77,629.47.[2]

Likewise, the Lobel Fee Application requests allowance and payment of $16,626.00 for fees relating to the preparation of the application for appointment of the Lobel firm, review of periodic billing statements, and additional time that should have been accounted for in the Case Administration category. Applications for employment as counsel are routine matters that are

---

[2] Declaration of James E. Till, Esq. (Doc. No. 42), ¶¶ 8 and 10. According to ¶ 9 of the Till declaration, the Lobel firm incurred fees and costs of $237,778.30 prior to the filing of the petition. Unless that figure is inaccurate, there is no explanation for the reported remaining amount of the retainer, since the difference between $599,880.77 and $237,778.30 would have left a remaining retainer of $362,102.47 (rather than $77,629.47).

4

typically based on existing forms, and do not justify such a significant expenditure of time or effort. Similarly, a review of monthly fee statements hardly seems compensable as professional services.

The Lobel Fee Application further requests allowance and payment of $85,189.70 relating to the two versions of the Plan and Disclosure Statement. The Committee believes, at the present time, that such fees and costs are objectionable because both versions of the Plan have been unconfirmable as a matter of law, and because there has been no showing of anything approaching that level of value to the estate for such services and costs. *See In re Gire*, 107 B.R. 739, 748 (Bankr. E.D. Cal. 1989) (fees reduced for failed plan); *In re Condor Systems, Inc.*, 203 Bankr. LEXIS 1784 (N.D. Cal. 2003) (substantial reduction in fees for pursuit of plan that was ultimately abandoned, based on belief that some of counsel's work might have some residual value); *In re Dimas, LLC*, 357 B.R. 563 (Bankr. N.D. Cal. 2006) (no compensation for drafting documents that were withdrawn); *In re Auto Parts Club, Inc.*, 224 B.R. 445, 451 (Bankr. S.D. Cal. 1998) (seventy-five percent reduction for motion that was withdrawn); *In re Pro Snax Dist., Inc.*, 157 F.3d 414, 425 (5th Cir. 1998) (lack of likely success in proposing plan must be considered in awarding of fees; bankruptcy court must "strongly consider" debtor's lack of success in pursuing plan confirmation and evaluating fees); *In re Kohl*, 95 F.3d 713, 714-715 (8th Cir. 1996) (fee is denied where counsel knew or should have known reorganization plans will not be successful); *In re Kile*, 345 B.R. 182, 190 (Bankr D. Ariz. 2006) (court allowed *de minimis* fees for failed reorganization). Moreover, filing a facially unconfirmable plan, and pursuit of such plan, is grounds for denial of fees. See *In re Ahead Communication Sys., Inc.*, 395 B.R. 512, 520 (D. Conn. 2008); *In re Office Products of America, Inc.*, 136 B.R. 983, 990-991 (Bankr. W.D. Tex. 1992); *In re Lederman Ent., Inc.*, 997 F.2d 1321, 1323-24 (10th Cir. 1993).

5

In addition, based upon the Debtor's current cash position, even if the Court allows any of the fees and costs included within the Lobel Fee Application at this time, payment of such fees and costs should only be permitted to the extent that they will not impair the Debtor's ability to pay other administrative claims, when and if they are allowed in this case.

### Conclusion

For all of the foregoing reasons, the Committee respectfully requests that the Lobel Fee Application be denied at this time, or, in the event that the Court determines to allow some portion of the fees and costs at this time on an interim basis, and subject to disgorgement, that they be limited to the amount of the remaining retainer (reported at $77,629.47) held by the Lobel firm, together with such other and further relief as the Court may deem just and proper.

DATED: March 1, 2011.

LARSON & STEPHENS

By:/s/ Zachariah Larson, Esq.
Zachariah Larson, Esq., Bar No. 7787
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

and

Richard M. Lorenzen
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
Email: RLorenzen@perkinscoie.com

Douglas R. Pahl
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
DPahl@perkinscoie.com
Telephone: 503-727-2087

Facsimile: 504 346-2087
Email: DPahl@perkinscoie.com

Counsel for The Official Committee of Unsecured Creditors

# CERTIFICATE OF SERVICE

1. On this <u>2nd</u> day of March, 2011, I served the following document(s) (specify):

**OBJECTION TO FIRST INTERIM APPLICATION OF THE LOBEL FIRM, LLP, REORGANIZATION COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR COMPENSATION FOR THE PERIOD FROM MAY 22, 2010 THROUGH DECEMBER 31, 2010**

2. I served the above-named document(s) by the following means to the persons as listed below:
   *(check all that apply)*

   ■  a.  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

   Laurel E. Davis
   ldavis@fclaw.com, mhurtado@fclaw.com
   *Counsel for Bank of George*

   Robert R. Kinas
   rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com; lvdocket@mindspring.com; vcampbell@swlaw.com; nbaig@swlaw.com
   *Counsel for Housing Capital Company*

   Zachariah Larson
   ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com

   Eleissa C. Lavelle
   eclavelle@duanemorris.com, mewarkentin@duanemorris.com; sdavis@duanemorris.com
   *Counsel for Iota White, LLC,*
   *Member of Unsecured Creditors' Committee*

   Shawn W. Miller
   bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com; wapplegate@sheacarlyon.com; rmsmith@sheacarlyon.com;ltreadway@sheacarlyon.com;ewright@sheacarlyon.com
   *Counsel for Wells Fargo Bank, N.A.*

   Amy N. Tirre
   amy@amytirrelaw.com, admin@amytirrelaw.com
   *Counsel for Debtor*

   U.S. Trustee - LV - 11
   USTPRegion17.lv.ecf@usdoj.gov

   Erika M. Wright

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8

ewright@sheacarlyon.com, rmsmith@sheacarlyon.com; clange@sheacarlyon.com; ltreadway@sheacarlyon.com
*Counsel for Wells Fargo, N.A.*

■   **b.    United States mail, postage fully prepaid**
*(List persons and addresses. Attach additional paper if necessary)*

William N. Lobel
The Lobel Firm
840 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
*Counsel for Debtor*

James E. Till
The Lobel Firm
840 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
*Counsel for Debtor*

Joseph A.G. Sakay
Hillis Clark Martin & Peterson, P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
*Counsel for Washington Federal Savings*

Bank of the West
Jeffer Mangels Butler & Mitchell LLP
c/o Walter W. Gouldsbury III
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111

☐   **c.    Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

I personally delivered the document(s) to the persons at these addresses:

☐   For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐   For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

9

☐     **d.**     **By direct email (as opposed to through the ECF System)**
*(List persons and email addresses. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     **e.**     **By fax transmission**
*(List persons and fax numbers. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     **f.**     **By messenger** *(List persons and addresses. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): March 2, 2011

    Carey Shurtliff                             /s/ Carey Shurtliff
(Name of Declarant)                     (Signature of Declarant)

LEGAL20319250.1

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

10