LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

William N. Lobel (State Bar No. 93202)
wlobel@thelobelfirm.com
James E. Till (State Bar No. 200464)
jtill@thelobelfirm.com
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA  92660
Telephone:     (949) 999-2860
Facsimile:      (949) 999-2870

General Reorganization Counsel for the Debtor
and Debtor-in-Possession, Don G. White

E-Filed: March 9, 2011

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DON GROVER WHITE,<br>aka DON G. WHITE,<br><br>Debtor and Debtor-in-Possession. | Case No. BK-S-10-19402-LBR<br><br>Chapter 11<br><br>**RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO FIRST INTERIM FEE APPLICATION OF THE LOBEL FIRM, LLP**<br><br>Hearing Date:  March 16, 2011<br>Hearing Time:  2:00 p.m.<br>Place:  Courtroom 1 |

The Lobel Firm, LLP ("TLF"), general reorganization counsel to Don Grover White, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby files this "*Response to Objection to the Official Committee of Unsecured Creditors' Objection to First Interim Fee Application of The Lobel Firm, LLP.*"

-1-

1  In the objection, the Official Committee of Unsecured Creditors (the "Committee") raises three primary grounds in support of its objection to the approval of TLF's fees and costs as requested by TLF's First Interim Fee Application. First, the Committee asserts that TLF's fees are excessive in light of the current status of the case and results obtained. Second, the Committee asserts that the hourly rates of TLF's attorneys appear to exceed market rates. Lastly, the Committee raises the issue that there appears to be insufficient funding to satisfy the administrative claims in this case, including the fees of the Committee's professionals. As discussed herein, none of these grounds supports denial of TLF's fees and costs.

Notably, the Committee does not acknowledge in its objection that the reason for the ongoing expense in this case has been driven largely by the Committee's inability to move this case forward – notwithstanding the Debtor's and TLF's continued cooperation, urging and the passage of nearly 10 months since the case was commenced. Indeed, it is the Committee's own delay and inaction that has resulted in any increased amount of fees in this case. Notwithstanding the delay, TLF submits that its compensation request is quite reasonable under the circumstances. TLF's fees and costs total $180,298.94 for the 7+ month period covered by the First Interim Application (an average of less than $26,000 per month).

TLF's fees as requested by the First Interim Fee Application are reasonable and necessary and should be approved. The Committee's objection to TLF's First Interim Fee Application simply highlights the Committee's inconsistent and, frankly, unfair position in this case – asserting that the Debtor's case is complex when it suits the Committee, while on the other hand taking the position in the fee application context that the case is too straightforward to warrant the incurrence of fees by Debtor's counsel.

In fact, the reasonableness of TLF's requested fees and costs is highlighted by the fees and costs incurred by Committee counsel itself – which, according to the Objection (at p. 3, n.1), total approximately $52,878.48 (presumably for the approximately 5-month period from September 2010 through February 2011). When viewed in light of the amount of work undertaken by the respective firms, and the necessarily significantly more active role played by

-2-

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

debtor's counsel in a reorganization case such as the Debtor's case – a comparison between TLF's fees and Committee counsel's fees highlights the reasonableness of TLF's compensation request.

**A. The Current Status of the Case and the Results Obtained Support Approval of TLF's Fees and Costs as Requested.**

The first objection by the Committee to TLF's First Interim Fee Application is that the requested fees are excessive in light of the current status of the Debtor's case and the results obtained. TLF believes this objection to be without merit. The Debtor's case was filed in May 2010 and has been pending for almost 10 months now. The Committee has been in place for nearly 7 months and, since its appointment in August 2010, the Debtor and his professionals have worked tirelessly to provide the Committee with the information it has requested to assess the Committee's position and strategy in this case.

To this end, since the Committee's appointment, the Debtor has urged the Committee to retain a financial advisor to assess the information that has been provided and to advise the Committee as to a recommended course of action in light of this information and the realities of the Debtor's current financial situation. Instead, the Committee has dragged its feet and, rather than moving forward in an efficient and cost-effective manner, filed an unnecessary motion to appoint an examiner – which has been tabled at this point as the Committee has finally retained and sought approval of the employment of a financial advisor as suggested, and stipulated to, by the Debtor many months ago.

The Debtor has had a plan and disclosure statement on file in this case since its commencement, and has attempted to move this case forward as expeditiously as possible. As acknowledged by the Committee, the Debtor has twice revised the plan and disclosure statement to address, among other things, the concerns of the Committee, and has negotiated with the Committee with respect to the plan and case related proceedings (including providing voluminous documentation and information to the Committee). Since this is an individual case that simply cannot afford a lengthy and expensive confirmation battle, the Debtor has been put in a "holding

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

1   pattern" for months while the Committee purports to be assessing its position in, and the financial
2   realities of, this case. During this time, the Debtor has revised the plan and disclosure statement,
3   sought two extensions of the exclusivity period, responded to the Committee's requests and
4   pleadings filed in the case, and has continued his attempts to negotiate a consensual plan with the
5   Committee. To assert that Debtor's counsel should not be compensated for the work related to
6   the plan and disclosure statement process and negotiations with the Committee with respect
7   thereto – simply because the Committee does not at this point support the plan – is unreasonable.
8   This is especially unreasonable under circumstances where it has been the Committee's inaction
9   to date that has resulted in the delay in the plan proceedings and additional work in connection
10  therewith.

11  The Committee's bold statement in the Objection that TLF should not be compensated
12  because the Debtor's plan is not confirmable as a matter of law is simply not supported by the
13  facts or law. Most significantly, the Committee fails to even acknowledge that the precedent in
14  this court (In re Shat, 424 B.R. 854 (Bankr. D. Nev. 2010) (J. Markell)), along with several other
15  well-reasoned decisions, supports confirmation of the Debtor's plan as currently structured. In
16  addition, the decisions cited by the Committee in support of its proposition that a denial of fees is
17  appropriate where there is failed reorganization or a withdrawal of a particular plan, motion or
18  matter are circumstances simply not present in this case, and do not warrant a denial of TLF's
19  fees and costs.

20  While the Debtor has, based on the realities of this case, patiently awaited the Committee
21  in this case, the Debtor is entitled to, and has, moved forward with his reorganization efforts and
22  his counsel should be compensated for these efforts. As supported by TLF's detailed billing
23  statements, the amount of $85,189.70 relating to the plan and disclosure statement, related
24  motions and matters, and negotiations with the Committee with respect thereto, over a period of 7
25  months, is reasonable and appropriate.

26  The Committee's objection to the amounts billed to Case Administration ($54,939.00)
27  and Fee/Employment applications ($16,626.00) as "on their face" unreasonable is likewise not
28

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

well-taken. A review of TLF's billing entries in connection with these categories of services highlights the reasonableness and necessity of the time spent on each of the matters set forth therein. The category of "Case Administration" encompasses a broad spectrum of services (and not simply routine or administrative matters), including bankruptcy compliance matters, preparation of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, addressing U.S. Trustee requirements, attending to litigation matters, advising the Debtor in connection with case-related issues, and attending to the Court's status conference requirements. In addition, a significant amount of time billed to this category was spent in connection with the Committee's voluminous information requests, as well as responding to and negotiating with the Committee with respect thereto. The Committee has not pointed to any specific billing entry as inappropriate or unnecessary, and TLF believes that these amounts were necessarily and appropriately incurred in the Debtor's case.

In addition, TLF does not believe that the amount incurred in connection with the Fee/Employment Application category is unreasonable, especially where the Interim Fee Application specifically sets forth that 8.5 hours ($5,355) of this amount (related to the preparation of the Debtor's bankruptcy compliance documents), was inadvertently billed to this category. TLF submits that the remaining amount ($11,271), which relates to the preparation of TLF's employment application, related documents, and eight (8) Monthly Professional Fee Statements, is reasonable and appropriate and should be approved.

**B. TLF's Billing Rates Are Reasonable, Reflect Market Rates and Were Previously Approved By The Court.**

The Committee's objection to TLF's First Interim Fee Application is also based on the assertion that the billing rates of TLF's attorneys appear to significantly exceed market rates. The Committee offers no support for this assertion in terms of a market survey or other evidence. In fact, TLF's rates are well within market rates for similarly situated professionals located in Southern California and like markets. Moreover, these are the rates approved by this Court pursuant to TFL's employment application and order thereon [Docket Nos. 41 and 75 ]. TLF does

-5-

not believe that the Committee's objection to its billing rates is supportable based on the market and the experience of the TLF attorneys that work on the Debtor's case.

### C. The Estate Is Anticipated to Have Sufficient Funds to Satisfy Administrative Claims in This Case.

The Committee's final concern is that there will be insufficient funds to pay for the administrative claims in this case if TLF's fees are approved. It should be noted that the Debtor is well aware that the funds in his estate are dwindling as time passes. This is an issue that has been repeatedly raised with Committee counsel as the Debtor has urged the Committee to not unduly delay this case. However, if this case proceeds to confirmation in an expeditious and consensual manner, it is anticipated that there will be sufficient funds on hand to pay the reasonable administrative expenses of professionals. The approval of TLF's fees and costs as requested by the First Interim Fee Application will not impact the amounts currently on hand in the Debtor's estate.[1]

The estate currently has cash on hand in the approximate amount of $133,500. TLF's fees and costs requested by way of the First Interim Fee Application have been paid over the past months by way of the Court-approved compensation procedures (see TLF's First Interim Fee Application, at pp. 9-10 for the monthly amounts requested and approved by way of the monthly compensation procedures). Accordingly, as reflected in the First Interim Fee Application, there are no further amounts that need to be paid to TLF at this point for the period of time covered by the First Interim Fee Application. Using the figures for Committee counsel fees set forth in the objection ($52,878.48) as a guideline, and accounting for ongoing reasonable professional fees and costs of the Debtor's counsel, Committee counsel and the Debtor's and Committee's financial advisors, provided that this case moves expeditiously and cost-effectively to

---

[1] The Committee's objection notes that, pursuant to the Declaration of James E. Till, Esq. (Doc. No. 42), ¶¶ 8 and 10, TLF received a retainer in the aggregate amount of $599,880.77 with fees and costs of $237,778.30 incurred prior to the filing of the petition, which the Committee then estimates should have left a remaining retainer of $362,102.47 (rather than $77,629.47). However, Section II, ¶ D of TLF's employment application (Doc. No. 41), explains that prior to the filing of the petition, the Debtor directed TLF to disburse a total of $291,050.00 to various entities, leaving TLF with a retainer in the amount of $308,830.77. After the payment of fees and costs of $237,778.30 incurred prior to the filing of the petition, the balance of the retainer was $71,052.47. Thereafter, upon reconciliation of the pre-petition amounts, a credit of $6,577.00 was made to the retainer, bringing the retainer balance to $77,629.47.

-6-

**LAW OFFICES OF AMY N. TIRRE**
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

1  confirmation, there is anticipated to be sufficient funds to pay reasonable administrative claims as

2  may be allowed by the Court.

3  In sum, approval of TLF's fees and costs as requested by the First Interim Application

4  will not impact the funds currently on hand in the estate since such amounts have already been

5  paid pursuant to the Court-approved monthly payment procedures.[2]  If the case proceeds

6  forthwith to confirmation, the funds on hand in the estate are anticipated to be sufficient to satisfy

7  administrative claims.[3]

## **CONCLUSION**

9  TLF believes that the fees and costs requested by, and detailed in, the First Interim

10  Application are reasonable, necessary and appropriate in light of the circumstances of the

11  Debtor's case, and requests that the Court approve the fees and costs as set forth therein.

12  Respectfully submitted,

13  DATED:  March 9, 2011

14  THE LOBEL FIRM, LLP

16  By: _/s/ James E. Till_____
William N. Lobel
17  James E. Till
Reorganization Counsel to Debtor
18  and Debtor-in-Possession

---

[2] As set forth in TLF's employment application, to the extent that the Court ultimately does not approve any of TLF's fees and costs, TLF has the ability to, and will, return any such overpayment to the estate.

[3] If the Debtor's case suffers further undue delay and results in administrative insolvency, however, the Debtor may be forced to convert this now-viable Chapter 11 case to one under Chapter 7.

-7-

**CERTIFICATE OF SERVICE**

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Law Offices of Amy N. Tirre, that I am over the age of 18 and not a party to the above-referenced case, and that on March 9, 2011 I filed and served the **RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO FIRST INTERIM FEE APPLICATION OF THE LOBEL FIRM, LLP** as indicated:

__X__   **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- LAUREL E. DAVIS    ldavis@fclaw.com, mhurtado@fclaw.com
- ROBERT R. KINAS    rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;nbaig@swlaw.com;nunzueta@swlaw.com;docket_las@swlaw.com
- ZACHARIAH LARSON    ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com
- ELEISSA C. LAVELLE    eclavelle@duanemorris.com, mewarkentin@duanemorris.com;sdavis@duanemorris.com
- RICHARD M LORENZEN    RLorenzen@perkinscoie.com, KHardy@perkinscoie.com;docketphx@perkinscoie.com
- SHAWN W MILLER    smiller@millerwrightlaw.com, ewright@millerwrightlaw.com;ltreadway@millerwrightlaw.com;
- efile@millerwrightlaw.com
- DOUGLAS R. PAHL    dpahl@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com
- U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov
- ERIKA M. WRIGHT    ewright@millerwrightlaw.com

_____   **BY HAND DELIVERY VIA COURIER**: by causing hand delivery of the Document listed above via Reno Carson Messenger Service to the persons at the addresses set forth below.

__X__   **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 9 March 2011, with postage thereon fully prepaid in the ordinary course of business.

Bank of the West
Jeffer Mangels Butler & Mitchell LLP
c/o Walter W. Gouldsbury III
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111

-8-

Joseph A.G. Sakay
Hillis, Clark, Martin & Peterson, P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925

DATED this March 9, 2011.

                                      /s/ Andrea Black
                     An Employee of Law Offices of Amy N. Tirre